87 So.2d 11 (1956)
Jesse G. RAINWATER, Sr.,
v.
Jacob TIMOTHY, d/b/a Parkway Bakery, Henry Timothy, and Maryland Casualty Company.
No. 20621.
Court of Appeal of Louisiana, Orleans.
April 23, 1956.
*12 Ogden & Woods, Charlton B. Ogden, II, and Fallon W. Bentz, New Orleans, for plaintiff-appellant.
Montgomery, Barnett, Brown, Sessions & Read, Peter H. Beer, New Orleans, for defendants-appellees.
REGAN, Judge.
The plaintiff, Jesse G. Rainwater, Sr., the operator of a 1952 Plymouth automobile, instituted this suit against the defendants, Jacob Timothy, conducting his business under the trade name of Parkway Bakery, his employee, Henry J. Timothy, the operator of the bakery's truck, and their liability insurer, Maryland Casualty Company; he was endeavoring to recover the sum of $31,653.75 representing personal injuries, loss of earnings, pain and suffering and medical expenses resulting from an accident which occurred on January 28, 1953, in the lakeside roadway of Jefferson Davis Boulevard where it intersects Iberville Street, at which time Timothy's truck was driven into the rear of his parked car causing the injuries which are the subject matter of this litigation.
After the court had disposed of various technical pleadings filed on behalf of the defendants, they answered admitting the occurrence of the accident, but denied liability therefor.
From a judgment in favor of the plaintiff in the sum of $1,100 against the defendants in solido, plaintiff has prosecuted this appeal.
In the trial court the defendants conceded liability for the accident and, therefore, the only question of fact which was presented for that court's consideration and which is now posed for our review by virtue of plaintiff's appeal is one of quantum, that is, whether plaintiff's preexisting illness was permanently aggravated as a result of the accident which occurred on January 28, 1953?
The trial judge answered this question by awarding the plaintiff the sum of $1,000, together with $100 for experts' fees and our careful analysis of both the lay and medical testimony appearing in the record and his written reasons for judgment which are quoted hereinafter, disclose no error in his conclusion with respect to the quantum awarded the plaintiff.
"Plaintiff had come to a dead stop when defendant rammed into him from the rear. Plaintiff, at the driver's wheel, was catapulted forward and suffered abrasions and contusions to his *13 left leg, knees and elbows. No fractures developed. At the time and 30 years prior to the accident plaintiff suffered from high blood pressure and arteriosclerosis. Plaintiff is 72 years of age. After the accident plaintiff got out of his automobile, looked around, carried on a conversation, and went home in another vehicle. He was not in a state of shock, nor otherwise incapacitated.
"The medical testimony is convincing that the injuries plaintiff sustained were completely cured within three months at most, even taking into consideration that older people suffer more severe injuries than younger ones. It must also be considered that, as older people are more susceptible to fractures because of the brittleness of their bones, the shock of the impact could not have been severe since plaintiff suffered no fractures, only abrasions and contusions. He had a history of a previous injury. In 1946 while standing in the street checking a load of lumber a board fell and injured his leg. He also suffered a later injury in 1954. While stepping over a ledge in the bathroom his foot weakened causing him to fall and hurt his back.
"The testimony is clear that the injury resulting from the weakening of his leg in the bathroom was not due to the injuries he sustained in the automobile accident. If at all, his fall was due to a long existing flat foot, which gave way when he put pressure on it.
"A pre-existing injury or disease, organic or otherwise, that is aggravated by a trauma, stress or strain is recoverable in tort or under the Compensation Act [LSA-R.S. 23:1021 et seq.].
"If the evidence here showed that the pre-existing arteriosclerosis or hypertension was aggravated by the automobile accident and plaintiff was incapacitated thereby at the time of the bathroom episode, he would be entitled to recover for the additional injuries.
"My conclusion is that the injuries sustained in the automobile accident, the bruises, the contusions, the ecchymosis, did not cause disability beyond 4 months, and that plaintiff is completely cured of any injury or aggravation sustained in the automobile accident of January 28th, 1953.
"Plaintiff contends that his fall in the bathroom in 1954 was due to the injury sustained in the automobile accident of January 28th, 1953. A tort-feasor is liable only for the direct and proximate results of his wrongful act. He cannot be held responsible for the result of a separate, independent and intervening act with which he had no active connection. If a person receives an injury through the negligent act of another, and the injury is afterwards aggravated and recovery retarded by a subsequent accident not resulting from the failure of the injured person to use ordinary care, the subsequent accident becomes a sequence or natural result of the original injury and the tort-feasor is liable for the entire damage sustained. However, the reverse is true if the subsequent injury is attributable to a distinct, intervening cause, for which the tort-feasor would be liable only for the original injury and not the subsequent one.
"Plaintiff, however, bears the burden of proving that his fall in the bath was the natural and proximate result of the injury occasioned to him by the automobile collision of January 28, 1953, and was not the result of a separate, independent and intervening act for which defendant was in no way responsible. [Farnon v. Silver King Coalition Mines Co., 50 Utah 295, 167 P. 675], 9 A.L.R. 255; 20 A.L.R. 524; Goins v. Moore, [La.App.], 143 So. 522; Behan v. John B. Honor Co., 143 La. 348 [78 So. 589, L.R.A.1918F, 862]; Donahoe v. Scharfenstein & Son, 154 La. 815 [98 So. 256].
"Since the injuries sustained in the automobile accident were minor and *14 of short duration, being merely bruises and contusions from which the defendant had fully recovered, it cannot be said, then, that his fall in the bathtub was due to any continuing injury sustained in the automobile accident.
"To the contrary, the evidence clearly indicates that the injury sustained by plaintiff in the bathtub was due either to flat feet, cardio-vascular disease or the high blood pressure he had for 30 years, and probably a foot injury sustained in 1946."
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.
McBRIDE, J., absent, takes no part.