204 So.2d 49 (1967)
Robert A. BOLIN, individually and on behalf of his minor son, Robert A. Bolin, Jr., Plaintiff-Appellee,
v.
HARTFORD ACCIDENT & INDEMNITY COMPANY, Defendant-Appellant.
No. 10878.
Court of Appeal of Louisiana, Second Circuit.
October 30, 1967.
Rehearing Denied November 28, 1967.
*50 Carl F. Walker, Monroe, for appellant.
Theus, Grisham, Davis, Leigh & Brown, Monroe, Philip J. Foto, New Orleans, for appellees.
Before GLADNEY, AYRES and BOLIN, JJ.
GLADNEY, Judge.
A third party plaintiff lodged this appeal from a judgment sustaining an exception of no cause or right of action of the third party defendants. A motion to dismiss has been filed. The relevant facts governing the appeal disclose:
Robert A. Bolin, plaintiff herein, instituted this action against defendant Hartford Accident & Indemnity Company to recover damages arising out of a motor vehicular accident that occurred July 13, 1965 on Louisville Avenue in the City of Monroe, Louisiana, involving an automobile owned and being operated by plaintiff and otherwise occupied by his minor son, Robert A. Bolin, Jr., and an automobile owned by Edmund G. Merhige and then being operated by Colleen G. Otash and insured against liability by Hartford Accident & Indemnity Company. After answering with denial of liability, Hartford filed and served a third party petition upon State Farm Mutual Automobile Insurance Company and Henry B. Adoue alleging that on November 22, 1965 on the Lakebound Expressway in the City of New Orleans, Louisiana, Henry B. Adoue, insured by State Farm Mutual Automobile Insurance Company, negligently caused his automobile to strike a vehicle in which Robert A. Bolin was riding as a guest passenger and as a result thereof Bolin suffered the injuries for which he is claiming damages in the present suit. State Farm and Adoue, as third party defendants, filed peremptory exceptions of no cause of action and no right of action to the third party petition of Hartford. The District Court sustained the exceptions and dismissed the third party petition. Hartford Accident & Indemnity Company prosecutes this appeal.
Appellees urge the motion should be sustained because the appellant seeks to appeal from an interlocutory judgment, or a judgment which does not finally dispose of the main demand. Appellant seeks contribution from the third party defendants under the provisions of LSA-C.C. Art. 2103 (as amended Acts 1960, No. 30, § 1), which provided a substantive law base for the enforcement of contribution among joint tortfeasors through the third party demand. The Civil Code article implements Articles 1111-1116 of the Code of Civil Procedure which in Articles 927, 928 and 1034 authorize the third party defendant to plead any of the exceptions available to a defendant in a principal action, which right includes the peremptory exception of no cause or right of action which may be plead at any stage of the proceeding in the trial court prior to a submission of the case for decision. Also it is stated in LSA-C.C.P. Art. 934 that the effect of such an exception where the objection is not or cannot be removed is dismissal of the action.
Judgments which are appealable are those prescribed in LSA-C.C.P. Art. 2083 which reads:
"An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, and from an interlocutory judgment which may cause irreparable injury."
To further support the premise that the judgment under consideration is not a final judgment, movants assert it arises from an incidental demand, that it does not dispose of the entire case, and does not cause appellant irreparable injury. It is argued that by reason of Code of Civil Procedure Articles 1031 and 1115 the appellant will not lose any of his rights against a third person by not asserting the third party demand. We deem inapposite the cited codal articles for appellant did in fact assert his third party demand *51 and it has been met by a peremptory exception which was sustained and the demand dismissed. The dismissal, we think, is with prejudice and has the effect of a final judgment which if not appealed would constitute a legal bar to any further action to enforce contributions from the appellees. The motion to dismiss the appeal is overruled.
In order to properly state a cause of action for contribution under LSA-C.C. Art. 2103 it is incumbent upon the third party plaintiff to allege that each of the tort-feasors, Otash, the insured of Hartford, and Adoue, the insured of State Farm, are liable in solido to the principal in the main demand. Where the original defendant is not cast the third party defendant cannot be cast. LSA-C.C. Art. 2103; LSA-C.C.P. Arts. 1111-1116; Martin v. Sanders, La. App., 163 So.2d 923 (1st Cir., 1964). Solidary liability between joint tort-feasors arises under the provisions of LSA-C.C. Art. 2324 which states that where one causes another to do an unlawful act or assists in the commission of it, he is answerable in solido with that person for the damage caused by such act. Solidary liability between tort-feasors does not arise where each of the tort-feasors commits an entirely separate and unrelated negligent act for they do not become solidarily liable to the plaintiff in the main demand. In the case at bar, Hartford, the defendant in the main demand, can in no wise be responsible for the commission of the alleged tort in New Orleans by Adoue, the insured of State Farm. By the same token Adoue may not be held responsible to Bolin for the commission of an alleged tort by the insured of Hartford. Manifestly, the accident on November 22, 1965 in New Orleans was caused by a separate, independent and intervening act for which defendant Hartford may in no way be held responsible. Rainwater v. Timothy, La.App., 87 So.2d 11 (4th Cir. 1956). In Rainwater, the plaintiff contended that his fall in the bathroom was due to the injury sustained in the automobile accident at an earlier date. The evidence therein disclosed that the fall in the bath tub was not due to any continuing injuries sustained in the automobile accident and the court said:
"* * * A tort-feasor is liable only for the direct and proximate result of his wrongful act. He cannot be held responsible for the result of a separate, independent and intervening act with which he had no active connection. If a person receives an injury through the negligent act of another, and the injury is afterwards aggravated and recovery retarded by a subsequent accident not resulting from the failure of the insured person to use ordinary care, the subsequent accident becomes a sequence or natural result of the original injury and the tort-feasor is liable for the entire damage sustained. However, the reverse is true if the subsequent injury is attributable to a distinct, intervening cause, for which the tortfeasor would be liable only for the original injury and not the subsequent one." [87 So.2d 11, 13]
There is no allegation in the third party petition that discloses connexity between the two separate accidents which occasioned the injuries for which Bolin claims damages. We hold that the third party petition fails to state a cause of action against the third party defendants and, therefore, the judgment sustaining the exception of no cause and no right of action is correct and is affirmed at appellants' cost.