REDMANN, Judge
(dissenting).
I respectfully dissent from the refusal to grant a rehearing.
After reconsideration prompted by the applications for rehearing, I now believe it most probable that defendant’s negligence which resulted in the bus-car collision and the damage to plaintiff’s annular ring also immediately rendered him permanently incapable of returning to work as a laundry machinery mechanic, the proof of which is that the very first time he attempted his normal heavy work he ruptured a disc at the very site of the original injury. When a doctor says, judging from his diagnostic tests only, a back is completely well, but the back breaks the first time one tries to use it as one has for many years, I believe the doctor has been proven wrong, and I believe we were probably wrong in saying the normal (for plaintiff) use of his back was an intervening cause of the ruptured disc. And there is ample other medical testimony in the record to justify this conclusion.
*127 Restatement Torts 2d § 460 declares the case law from other jurisdictions:
“If the negligent actor is liable for an injury which impairs the physical condition of another’s body, the actor is also liable for the harm sustained in a subsequent accident which would not have occurred had the other’s condition not been impaired, and which is a normal consequence of such impairment.”
See also the annotations at 9 A.L.R. 255 and 20 A.L.R. 524.
Some Louisiana cases have recited (and even overstated), in dicta only, a principle similar to the Restatement’s: “If a person receives an injury through the negligent act-of another, and the injury is afterwards aggravated and recovery retarded by a subsequent accident not resulting from the failure of the injured person to use ordinary care, the subsequent accident becomes a sequence or natural result of the original injury and the tort-feasor is liable for the entire damage sustained.” Rainwater v. Timothy, 87 So.2d 11, 13 (La.App.1956); Waggoner v. Marquette Cas. Co., 181 So.2d 475, 478-479 (La.App.1965); Bolin v. Hartford Acc. & Indem. Co., 204 So.2d 49, 51 (La.App.1967).
Perhaps the closest Louisiana case is Livaccari v. United Jewish Appeal, Inc., 126 So.2d 67 (La.App.1961), where we denied recovery for injuries suffered in a subsequent fall. However, there it appears the claimant may have in fact been successfully utilizing his formerly injured right knee after the first accident and prior to the fall when he injured his left knee, which distinguishes that case from the present. If plaintiff here had been successful in using his back for his heavy work even for one day and had injured some other area, we might reasonably conclude he had recovered from the original injury and the wrench incident was a separate new injury. But plaintiff here never regained the normal use of his back, but instead suffered further injury at the original injury site the first time he tried full normal use.
I conclude it is strongly possible we erred in denying plaintiff damages for his proven loss of future earnings, and therefore we should at least grant a rehearing; and I respectfully dissent from the refusal to do so.