395 So.2d 429 (1981)
TOLEDO BEND PROPRIETORS, Plaintiff-Appellee,
v.
SABINE RIVER AUTHORITY OF the STATE OF LOUISIANA, and the Joint Operating Board, Toledo Bend Project, Defendants-Appellants.
No. 8024.
Court of Appeal of Louisiana, Third Circuit.
February 4, 1981.
Rehearing Denied March 23, 1981.
Writ Refused May 18, 1981.
*430 William J. Doran, Jr., Baton Rouge, for defendants-appellants.
Sam Nelken, Natchitoches, for plaintiff-appellee.
Before CULPEPPER, GUIDRY and CUTRER, JJ.
GUIDRY, Judge.
This is an injunction suit instituted by several persons, who operate commercial establishments on the shores of the Toledo Bend Dam Reservoir, to enjoin defendants, Sabine River Authority, State of Louisiana, and the Joint Operating Board, Toledo Bend Project (hereafter sometimes collectively referred to as Sabine River Authority), from discharging, or causing to be discharged, from Toledo Bend Dam and Reservoir, either through the hydroelectric power plant gates or the spillway floodgates, any amount of water which would at anytime lower the reservoir level to less than the "normal pool stage", designated as the contour of 172 feet above mean sea level, except when withdrawals are absolutely necessary to maintain the absolute minimum required downstream flow at the ruliff gauge for which defendants may be obligated.
We previously denied writs in this matter, our docket numbers 6883 and 7219, declining to review interlocutory judgments of the trial court which overruled exceptions of jurisdiction, no cause of action and nonjoinder of indispensable parties.
Following rendition of the interlocutory judgments and our refusal of writs the defendants filed answer and by third party demand sought the joinder as third party defendants of the following named entities:

*431 A) The Sabine River Authority of Texas
B) The Texas Department of Water Resources
C) The United States Corps of Engineers
D) Gulf States Utilities Company
E) Central Louisiana Electric Company
F) Louisiana Power and Light Company
G) E. I. Dupont and Company
H) Allied Chemical Corporation
I) Owens-Illinois, Inc.
J) Gulf Oil Corporation
K) Georgetown Texas Steel Corporation
L) The City of Huxley, Texas
M) The City of Hemphill, Texas
N) Sabine Investment Company of Texas
O) Toledo Beach Water Company
P) Cities Service Oil Company
Q) Firestone Synthetic Rubber & Latex Company
R) Olin Corporation
S) PPG Industries, Inc.
T) The City of Logansport, Louisiana
U) The City of Mansfield, Louisiana
V) The City of Many, Louisiana
W) Chase Manhattan Bank
under allegation that such parties "have a community of interest with the parties to this suit in that each of them has vital interests which will be affected in the event plaintiffs are successful in obtaining injunctive relief...".
Subsequently, plaintiffs filed a motion for a rule to show cause seeking dismissal of the third party demand on the ground that the parties sought to be made third party defendants are the identical parties previously held by the trial court not to be indispensable or necessary parties and accordingly, the third party demand was filed solely for the purpose of delay. After a hearing on this rule but before rendition of judgment the defendants, alleging that the Clerk of the 11th Judicial District Court had refused to make service of the third party demands without an advance deposit of costs, filed a motion for a rule to show cause against the Clerk of Court seeking an order requiring the Clerk of Court to make service of the third party demand without the advancement of costs pursuant to the provisions of LSA-R.S. 13:4521. This latter rule has not been heard or disposed of by the trial court.
By judgment dated June 6, 1980 the trial court ordered the third party demand filed by the Sabine River Authority dismissed. In the judgment referred to the trial court found dismissal of the third party demand to be warranted on the following grounds: (1) "a literal reading of Civil Code of Procedure Article 1111 does not allow for the impleading of Third Parties as in the instant case .."; (2) "... since this Court... already held that the inclusion of these same Third Party Defendants as necessary and indispensable parties to this suit is not necessary, ... the attempt by the original defendant to implead the same parties by the use of another procedure is an attempt to circumvent what has already been ruled upon"; and, (3) "Dixie Buick, Inc. v. Lockett, La.App.1972, 263 So.2d 56, and White Factors, Inc. v. F. & B. Supplies, Inc., La. App.1968, 211 So.2d 754, are authority and the courts have so held that `Defendant could not be permitted to delay orderly process of suit for indefinite period simply by filing petition against third party'".
Defendants have appealed from the judgment dismissing their third party demand. Following issuance of the order of appeal defendants filed in this court exceptions of No Cause of Action and Lack of Jurisdiction, identical in form and substance to the exceptions previously considered and overruled by interlocutory judgments of the trial court which judgments we declined to review in our denial of writs in the matters bearing docket numbers 6883 and 7219.
Considering the present posture of this suit the issues to be decided on this appeal are, (1) whether this court should consider and dispose of the peremptory exceptions filed for the first time in this court; and, (2) correctness of the trial court's dismissal of the third party demand filed by defendants. We will consider these issues in the order set forth above.
*432 An appellate court may consider and dispose of a peremptory exception filed for the first time in that court, if pleaded prior to a submission of the case for a decision, and if the proof of the ground of the exception appears of record. (LSA-C.C.P. Article 2163) This grant of authority however, assumes that at the time the exception is filed the appellate court has jurisdiction over the action or proceeding to which exception is taken.
The exceptions filed by appellants with this court seek dismissal of the principal demand, i. e., the demand of plaintiffs for an injunction.
The appeal in this case is solely from the judgment of the trial court which dismissed appellants' third party demand. The principal demand has not been tried on its merits and no final judgment has been rendered thereon. Therefore, jurisdiction over such demand vests exclusively in the trial court (Art. V, Sec. 16, La.Const. of 1974; LSA-C.C.P. Articles 2082, 2083 and 2088), subject only to the exercise by this court of the supervisory powers granted by LSA-C.C.P. Article 2201. As aforesaid we previously declined to exercise our supervisory power to consider correctness of the trial court's interlocutory judgments overruling these same exceptions. We are therefore without the legal power and authority to consider the exceptions filed in this court which seek a dismissal of plaintiff's demand for injunctive relief.
The remaining issue concerns correctness of the trial court judgment which dismissed the third party demand instituted by the Sabine River Authority. We affirm the trial court's dismissal of the third party demand but for reasons other than those given by the trial court.
C.C.P. Article 1031 provides as follows:
"A demand incidental to the principal demand may be instituted against an adverse party or against a third person. Incidental demands are reconvention, intervention, and the demand against third parties."
C.C.P. Article 1033 provides in pertinent part as follows:

"An incidental demand may be filed without leave of court at any time up to and including the time the answer to the principal demand is filed ..."
The demand filed by the Sabine River Authority is a "demand against third parties". The procedure and requirements for institution of such a demand are embodied in C.C.P. Articles 1111 et seq. In order to state a cause of action for relief against a third party under C.C.P. Article 1111, the defendant in the principal action must allege facts showing that such third party in his warrantor or that such party is liable to him for all or part of the principal demand.
In its third party demand the Sabine River Authority does not assert that the entities made third party defendants are its warrantors or that all or any of them are liable to them for all or part of the principal demand. Rather the third party plaintiffs simply allege facts which, if accepted as true, reflect that the third party defendants have a community of interest with the Sabine River Authority in resisting plaintiffs' demand in that each of them has vital interests which will be affected in the event plaintiffs are successful in obtaining injunctive relief. This alleged community of interest may authorize an intervention by the third party defendants under C.C.P. Article 1091 et seq., but such circumstance does not give rise to a cause of action in favor of the Sabine River Authority against the named entities as third party defendants.
Incidental actions are subject to the same defenses which may be urged against the principal action, including the failure to disclose a cause of action which may be noticed by the appellate court of its own motion. C.C.P. Articles 1034 and 927.
For these reasons we notice the failure of third party plaintiffs to state a cause of action against third party defendants and affirm the judgment of the trial court which dismissed such demand.
Costs of this appeal, to the extent they may be legally imposed, are assessed against the defendants-appellants.
AFFIRMED.