427 So.2d 875 (1982)
Dorothy Lozano HUBBS, et al
v.
Carlo CANOVA, et al.
No. 82 CA 0251.
Court of Appeal of Louisiana, First Circuit.
December 21, 1982.
Hamlet D. May, Baton Rouge, for plaintiff-appellee Dorothy Lozano Hubbs, et al.
Patrick W. Pendley, Plaquemine, for defendant-appellant Carlo Canova, et al.
James H. Dupont, Plaquemine, for defendant-appellee Iberville Parish Assessor's Office.
*876 William C. Dupont, Plaquemine, for defendant-appellee Joseph B. Dupont, Sr., et al.
Rose Polito Wooden, Dept. of Justice, State of La., Baton Rouge, for defendant-appellee State of La.
Before COVINGTON, LEAR and LANIER, JJ.
LANIER, Judge.
This suit commenced as a class action by heirs of Charles Lozano and Marguerite Breaux Lozano to secure declaratory judgments that they are owners of various undivided interests in certain lands located in Iberville Parish, to set aside a 1969 tax sale of their interests as null and void, and to declare the judgment in a monition proceeding in 1977 to quiet the tax title to their interests as null and void. The original defendants-appellants, Carlo Canova and Patrick W. Pendley, were in possession of the undivided interests by virtue of the 1969 tax sale and the 1977 judgment in the monition proceeding. The trial court sustained exceptions of prescription and res judicata filed by the original defendants and dismissed this suit. On appeal, this court held that the tax sale and the judgment in the monition proceeding were null and void and overruled the exceptions of prescription and res judicata. Hubbs v. Canova, 392 So.2d 486 (La.App. 1st Cir.1980). The Louisiana Supreme Court granted a writ to review the judgment of this court [396 So.2d 1326 (La.1981)] and on July 2, 1981, affirmed the judgment of this court and remanded this cause to the trial court for further proceedings. Hubbs v. Canova, 401 So.2d 962 (La.1981).
On October 14, 1981, the original defendants (appellants herein) filed an answer to the original petition and a third party demand against the State of Louisiana, the heirs of the Assessor of Iberville Parish in 1968, and the "Iberville Parish Assessor's Office."[1] This third party demand alleges a claim for damages in tort asserting that the Assessor of the Parish of Iberville in 1968 negligently and defectively described the property which was the subject of the tax sale. The third party demand further alleges that the State of Louisiana is liable for the negligence of the assessor because it "requires that said property be assessed and is the recipient of the tax monies collected by the Sheriff of Iberville Parish as a result of the assessment and evaluation of property in the Parish of Iberville, Louisiana", that the heirs of the assessor are liable because they accepted his succession, and that the "Iberville Parish Assessor's Office is liable for the acts of the assessor."
The heirs of the assessor and the "Iberville Parish Assessor's Office" filed exceptions of no cause of action and the State of Louisiana filed exceptions of no right of action and no cause of action to the third party demand. The trial court sustained the exceptions of no cause of action and dismissed the third party demand. This suspensive appeal followed.
The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition (in this case the third party petition) and all well-pleaded allegations of the petition are accepted as true. An exception of no cause of action is sustained only where the law affords no remedy to plaintiff (third party plaintiff) under the allegations of his petition. If a petition states a cause of action as to any ground or portion of the demand, the exception of no cause of action must be overruled. La.C.C.P. art. 927; Leenerts Farms, Inc. v. Rogers, 421 So.2d 216 (La.1982); Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La.1975); Jackson v. East Baton Rouge Parish School Board, 393 So.2d 243 (La.App. 1st Cir.1980).
La.C.C.P. art. 1111 provides in pertinent part as follows:
"The defendant in a principal action by petition may bring in any person, including a codefendant, who is his warrantor, or who is or may be liable to him for all or part of the principal demand." *877 To state a cause of action for relief against a third party under La.C.C.P. art. 1111, the defendant in the principal action must allege facts showing that such third party is his warrantor or is liable to him for all or part of the principal demand. Union Service & Maintenance Co., Inc. v. Powell, 393 So.2d 94 (La.1980); Karam v. St. Paul Fire & Marine Insurance Company, 281 So.2d 728 (La.1973); Toledo Bend Proprietors v. Sabine River Authority of State of Louisiana, 395 So.2d 429 (La.App. 3rd Cir.1981), writ denied, 400 So.2d 903 (La.1981). The third party demand in this suit does not allege either that the third party defendants are the warrantors of the third party plaintiffs or that the third party defendants are liable to them for all or part of the principal demand. As presently drafted, the third party demand fails to state a cause of action and is not a proper use of the third party practice authorized by La.C. C.P. art. 1111.
Pursuant to La.C.C.P. art. 934, when the grounds of the objection pleaded by the exception of no cause of action can be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. However, if the grounds of the objection cannot be so removed, the action shall be dismissed. In the instant case, the principal demand involves a dispute over land ownership which seeks to invalidate a tax sale and a judgment in a monition proceeding. The third party demand is an action for damages in tort pursuant to La.C.C. art. 2315. The third party plaintiffs cannot allege that the third party defendants are their warrantors because there is no warranty given with a tax deed. The tax sale by the Sheriff of Iberville Parish to the third party plaintiffs does not warrant the title to the property conveyed.[2] No such warranty can be given because tax sales are subject to redemption [Art. VII, § 25(B), La. Const. of 1974; La. R.S. 47:2221, et seq.] and to annulment [Art. VII, § 25(C), La. Const. of 1974; La. R.S. 47:2226, et seq.]. A title acquired by tax sale is not confirmed until there is a judgment in a monition proceeding [Art. VII, § 25(D), La. Const. of 1974; La.R.S. 47:2228, et seq.], and even such a judgment can be annulled. Hubbs v. Canova, supra. Because the principal demand involves the ownership of property, a third party demand seeking damages for negligence in tort cannot result in the third party defendants being liable for all or part of the principal demand. McGee v. Demery, 176 So.2d 679 (La.App. 4th Cir.1965), writ refused, 248 La. 418, 179 So.2d 16 (1965). Since, as a matter of law, the third party demand cannot be amended to properly state a third party cause of action, the trial court was correct in not giving the third party plaintiffs an opportunity to do so.
For the foregoing reasons, the judgment of the trial court is correct and is affirmed at the appellants' costs. The third party demand is dismissed without prejudice.
AFFIRMED.

APPENDIX 1
AND NOW, ASSUMING THE POSITION OF THIRD PARTY PLAINTIFFS, CARLO J. CANOVA AND PATRICK W. PENDLEY, RESPECTFULLY AVER:

43.
Made third party defendants herein, are the STATE OF LOUISIANA, and JOSEPH B. DUPONT, SR., BETTY JANE DUPONT HEBERT, EMMA JO DUPONT WILLIAMSON, FRANK CHARLES DUPONT, JAMES HARRY DUPONT and WILLIAM H. DUPONT, all residents of Iberville Parish, Louisiana, and the IBERVILLE PARISH ASSESSOR'S OFFICE, a governmental agency of the State of Louisiana.

44.
Pursuant to statutory authority, Joseph H. Dupont, in his capacity as assessor for the Parish of Iberville, in the year 1968, assessed for State and Parish taxes for the year 1968, the ownership interest of property owned by plaintiffs, as follows:

*878 Ward 7Assessment 6392 A, Part NW/4 Section 43; Part NE/4 Section 52; Part NW/4 Section 52; East of Bayou Grosse Tete T8S, R11E, Cut Over Land, 1283/4 acres 200.

45.
As a result of this assessment, and the failure of the owners of the property to pay the taxes in the amount of $9.68 assessed for the year 1968, the Sheriff of Iberville Parish, Louisiana, did on June 25, 1969 offer said property for sale for unpaid state and parish taxes.

46.
By the payment of $19.67, said property was adjudicated to Carlo J. Canova and Patrick W. Pendley, by Sheriff's deed recorded on July 14, 1969, in Conveyance Book 184, Entry 486, of the official records of Iberville Parish, Louisiana.

47.
Thereafter, Carlo J. Canova and Patrick W. Pendley, have annually paid all taxes assessed against this property by the Assessor of the Parish of Iberville, timely and promptly.

48.
On August 19, 1977, third party plaintiffs filed a "Petition for a Monition" styled as suit number 22,354, on the docket of the 18th Judicial District Court for the Parish of Iberville, Louisiana, therein praying for a judgment to confirm and homologate the previous tax sale and to clear their tax title to the property described in the tax sale, which judgment was rendered and signed on October 31, 1977.

49.
That until the filing of the suit herein by the original plaintiffs on January 29, 1979, there had not been any attack nor question as to the title or ownership of the property conveyed to third party plaintiffs by the Sheriff of the Parish of Iberville as hereinabove described.

50.
That third party plaintiffs had obtained a judgment in a monition proceeding, had promptly and timely paid all taxes on said property and had possessed said property as owner for nine and one-half (9 ½) years prior to the filing of this suit.

51.
That petitioners did all in their power to perfect their title to the property conveyed to them at the tax sale.

52.
That, in the event, that original petitioners are successful in attacking said tax sale and having this court decree that they are in fact the owners of the property sold at the hereintofore described tax sale by the Sheriff of Iberville Parish, Louisiana, then in that event, third party plaintiffs are entitled to obtain the damages against the third party defendants for the following.

53.
That the Assessor of the Parish of Iberville, for the year 1968, negligently and defectively described the property previously owned by original petitioners in this matter, and that as a result thereof, original petitioners have been able to set aside said tax sale, notwithstanding all of the efforts of third party plaintiffs to protect their title as hereinabove described.

54.
That the State of Louisiana is liable to third party plaintiffs for all damages that they have sustained as a result of the negligence of the Assessor of the Parish of Iberville by his failure to adequately describe the property herein because the State of Louisiana requires that said property be assessed and is the recipient of the tax monies collected by the Sheriff of Iberville Parish as a result of the assessment and evaluation of property in the Parish of Iberville, Louisiana.

55.
That as a result of the failure of the Assessor of Iberville Parish in 1968, to properly describe the property he assessed on behalf of the State of Louisiana, and obtained by third party plaintiffs, third party plaintiffs have been unable to perfect their title in this property, notwithstanding their best efforts, and without any failure *879 on their part to protect their interest, such that defendants, the STATE OF LOUISIANA, JOSEPH B. DUPONT, SR., BETTY JANE DUPONT HEBERT, EMMA JO DUPONT WILLIAMSON, FRANK CHARLES DUPONT, JAMES HARRY DUPONT, and WILLIAM C. DUPONT, are justly and truly indebted unto reconventional third party plaintiffs in the full and true sum of $128,750.00, representing the present actual value of the property which has been lost by third party plaintiffs to original plaintiffs.

56.
That the State of Louisiana is liable for the acts of the Assessor of the Parish of Iberville, Louisiana, as he is an officer of said State and fulfills a traditional state function in the evaluation and assessment of property for tax collection purposes.

57.
That STATE OF LOUISIANA, JOSEPH B. DUPONT, SR., BETTY JANE DUPONT HEBERT, EMMA JO DUPONT WILLIAMSON, FRANK CHARLES DUPONT, JAMES HARRY DUPONT and WILLIAM C. DUPONT, are liable to third party petitioners for the acts of their father, Joseph H. Dupont, as they have accepted his succession in the matter entitled "In the Matter of the Succession of Joseph Hart Dupont" Probate Number 3405, on the docket of the 18th Judicial District Court for the Parish of Iberville, Louisiana.

58.
THE IBERVILLE PARISH ASSESSOR'S OFFICE is liable to the third party plaintiffs for the negligence of the Assessor, Joseph H. Dupont, in his failure to adequately describe the property herein for tax purposes, resulting in the loss of said property to third party petitioners, without any fault or negligence on their part.
WHEREFORE, original defendants and third party plaintiffs pray:
A. That after due proceedings had, there be judgment herein in favor of original defendants, dismissing the petition of the original plaintiffs, at their costs;
B. That after due proceedings had, that this matter be declared to be inappropriate for the utilization of class action procedure, and that the previous exception filed on behalf of defendants to the class action certification be maintained;
C. That the third party defendants, STATE OF LOUISIANA, and JOSEPH B. DUPONT, SR., BETTY JANE DUPONT HEBERT, EMMA JO DUPONT WILLIAMSON, FRANK CHARLES DUPONT, JAMES HARRY DUPONT and WILLIAM C. DUPONT, be duly cited to appear herein, and that after legal proceedings had, that there be judgment herein in favor of the third party plaintiffs, Carlo J. Canova and Patrick W. Pendley, and against the third party defendants, STATE OF LOUISIANA, and JOSEPH B. DUPONT, SR., BETTY JANE DUPONT HEBERT, EMMA JO DUPONT WILLIAMSON, FRANK CHARLES DUPONT, JAMES HARRY DUPONT, WILLIAM C. DUPONT, jointly, severally and in solido, in the full sum of $128,750.00, together with legal interest thereon from date of judicial demand until paid, and for all costs of these proceedings.
D. For all just and equitable relief in the premises.

*880 
NOTES
[1] The allegations of the third party demand are contained in Appendix 1 attached hereto.
[2] See Appendix 2 attached hereto.