458 So.2d 218 (1984)
Betty Y. PEREZ
v.
STATE FARM INSURANCE COMPANIES.
No. 84-CA-49.
Court of Appeal of Louisiana, Fifth Circuit.
October 11, 1984.
*219 Michael A. Mulé, Lobman & Carnahan, Metairie, for plaintiff-appellant.
Jan P. Jumonville, New Orleans, for defendant-appellee.
Before BOWES, CURRAULT and GAUDIN, JJ.
CURRAULT, Judge.
This appeal arises from a judgment which granted an exception of no cause of action and dismissed a third-party suit filed by third-party plaintiff, State Farm Mutual Automobile Insurance Company (State Farm) against third-party defendants, Allstate Insurance Company, and their insureds, Ronald L. Clark and Rebecca L. Clark.
The facts reveal that on or about October 21, 1980, the original plaintiff, Betty Y. Perez, was involved in an automobile accident with a vehicle that was driven by Gregory Turcuit who was apparently uninsured and/or underinsured. Plaintiff thereafter filed a petition for damages against her own insurer, State Farm, under the policy's uninsured motorist provisions. On December 14, 1982, State Farm filed a third-party demand against Gregory Turcuit, the driver of the negligent vehicle which purportedly caused the injuries.
In the meantime, on or about December 21, 1981, Betty Y. Perez was involved in another automobile accident with a vehicle driven by Rebecca L. Clark. On March 14, 1983, State Farm filed an amended third-party demand to include Rebecca L. Clark, her husband Ronald L. Clark and the Clarks' insurer, Allstate Insurance Company in the original third-party demand. That amended third-party petition averred that the accident which occurred on December 21, 1981 aggravated the injuries alleged to have been sustained by Mrs. Perez in the automobile accident which formed the basis of the original petition. It further alleged that any and all tortfeasors responsible for both accidents would be joint tortfeasors with regard to Mrs. Perez's ultimate injuries.
Thereafter, on January 28, 1983, Allstate Insurance Company, Ronald L. Clark and Rebecca L. Clark filed an exception of no cause of action against State Farm's third-party petition alleging that they are not liable as a matter of law with respect to the claims made in State Farm's third-party demand.
Hearing on the exception was held on September 1, 1983. On September 12, 1983, the trial court granted the exception and dismissed State Farm's third-party demand against Allstate and the Clarks.
Third-party plaintiff, State Farm, subsequently perfected an appeal of that judgment alleging that it was error for the trial judge to find that third-party plaintiff failed to state a cause of action against third-party defendants for contribution since these parties were solidary obligors under Louisiana law.
In order to state a cause of action in a third-party demand under LSA-C.C.P. Article 1111, the defendant in the principal action must allege facts showing that the third-party defendant is either his warrantor or that the party is or may be liable to him for all or part of the principal demand.[1]Toledo Bend Proprietors v. Sabine River Authority of the State of Louisiana, 395 So.2d 429 (La.App. 3d Cir.1981), writ denied, 400 So.2d 903 (La.1981); Hubbs v. Canova, 427 So.2d 875 (La.App. 1st Cir. 1982).
It is well established that the purpose of the exception of no cause of action is to test or determine the sufficiency of the petition (in this case, the third-party petition). All well-pleaded facts are accepted as true. LSA-C.C.P. Article 927; Darville *220 v. Texaco, Incorporated and XYZ Insurance Co., 447 So.2d 473 (La.1984). The court is, however, mandated to allow amendment of the petition where the grounds of the objection pleaded may be removed. LSA-C.C.P. Article 934.
The allegations contained in appellant State Farm's third-party petition state that plaintiff, Mrs. Perez, was involved in an automobile accident occurring on December 21, 1981; the petition alleges further that the accident was the sole fault of Rebecca Clark and that, as a result of the second accident, plaintiff's injuries sustained in the first accident were aggravated. The petition proceeds to state the following:
"The accident of December 21, 1981 served to aggravate the injuries previously alleged to be sustained by Mrs. Perez in the automobile accident which forms the basis of this lawsuit. Accordingly, any and all tortfeasors responsible for both accidents are joint tortfeasors with regard to Mrs. Perez's ultimate injuries, and therefore, and again continuing in the alternative, should State Farm be found liable to Betty Perez for any amount whatsoever, then it is entitled to contribution from Third-Party Defendants, Rebecca L. Clark, Ronald L. Clark, and Allstate Insurance Company in the amount prescribed by Louisiana Law."
Appellant argues that solidary liability attaches under Louisiana law when the facts show that the parties are obligated to the same thing. LSA-C.C. Article 2091 states:
"There is an obligation in solido on the part of the debtors, when they are all obliged to the same thing, so that each may be compelled for the whole, and when payment which is made by one of them exonerates the others toward the creditor."
The jurisprudence upon which appellant relies holds that under certain circumstances the obligation may be in solido even though the obligations arise from separate acts or for different reasons. Joiner v. Diamond M. Drilling Company, 688 F.2d 256 (5th Cir.1982); Hoefly v. Government Employees Insurance Company, 418 So.2d 575 (La.1982). Further, they need not be joint tortfeasors for solidary liability to attach, since the crucial element is that each debtor be obligated to the same thing. Joiner, supra; Hoefly, supra; Sampay v. Morton Salt Company, 395 So.2d 326 (La.1981).
In this respect, in one line of cases, the courts have held that the physician who negligently treats a tort victim's injuries is solidarily liable with the tortfeasor. Joiner v. Diamond M. Drilling Company, supra; Garrett v. Safeco Insurance Company, 433 So.2d 209 (La.App. 2d Cir.1983); Berger v. Fireman's Fund Insurance Co., 305 So.2d 724 (La.App. 4th Cir.1974); Erdey v. American Honda Co., Inc., 415 So.2d 449 (La.App. 1st Cir.1982). The physician's liability in these types of cases is regarded as part of the immediate and direct damages naturally flowing from the original tort.[2]
In Foster v. Hampton, 381 So.2d 789 (La.1980) and Sampay, supra, the courts have held an employer solidarily liable with his employee for the employee's tortious acts occurring during his employment. While not joint tortfeasors since the liability is vicarious, the courts reasoned that the parties are both obliged to the same thing and, thus, the parties are solidarily liable. In Carter v. Epsco, Inc., 681 F.2d 1062 (5th Cir.1982), ownership of an injury-causing instrumentality was the basis for solidary liability with the manufacturer; and in Hunt v. Ford Motor Company, 341 So.2d 614 (La.App. 2d Cir.1977) a repairman of an automobile was held solidarily liable with the manufacturer for his negligence in failing to make reasonable efforts to ascertain the exact nature of an injury-causing defect and to correct it. The court found there that both parties jointly contributed to the resulting accident. Finally, in Hoefly, supra, the Louisiana Supreme Court *221 found the victim's uninsured/underinsured motorist carrier solidarily liable with the tortfeasor, even though their obligations arose from different reasons.
On the other hand, where the injured party is involved in separate automobile accidents, as here, the courts have refused to hold the tortfeasors solidarily liable. McCreary v. Commercial Union Assurance Company, 372 So.2d 745 (La.App. 4th Cir.1979); Bolin v. Hartford Accident & Indemnity Company, 204 So.2d 49 (La. App. 2d Cir.1967).
In this regard, appellant argues that the more recent jurisprudence previously discussed has impliedly overruled the Bolin and McCreary line of cases. While we concede that no longer must the defendants necessarily be joint tortfeasors and that the in solido obligation may arise from separate acts or different reasons, it does not necessarily follow that in solido liability is appropriate in this case. The facts in the cases cited above are distinguishable and, more importantly, some legal or natural connexity was determined to exist which obligated each for the whole of plaintiff's damages. Thus, we are not willing to concede that the rationale of the Bolin and McCreary cases have been repudiated. In this case, the facts are similar to Bolin and McCreary. Here the plaintiff was involved in two unrelated, separate automobile accidents occurring almost one year apart. Furthermore, the petition does not allege that demand has been made upon appellant for the injuries which may have occurred from the second accident, nor does the petition assert other facts which would create potential liability for any alleged aggravation of plaintiff's injuries. In our opinion, appellant is attempting, through the procedural device of the third-party action, to protect itself from the potential of being cast in judgment for damages which may have occurred from an intervening cause. However, the question of apportionment of appellant's share of the ultimate damages plaintiff may claim is a factual one to be determined by the trial court in light of the evidence produced at the trial of the first accident. Consequently, as we find that there is no solidary liability under these facts, and that appellant's petition has failed to state any other basis upon which relief may be granted, we hold the peremptory exception was properly granted by the trial court.
Finally, the court is mandated to allow amendment where on its face the objections of the exception can be cured. LSA-C.C.P. Article 934. Based on our findings, we are of the opinion that the defects cannot be cured.
Accordingly, after a review of the law and record, the judgment of the trial court is hereby affirmed. Appellant is to pay all costs of this appeal.
AFFIRMED.
NOTES
[1] LSA-C.C.P. art. 1111 states, in pertinent part:

"The defendant in a principal action by petition may bring in any person, including a codefendant, who is his warrantor, or who is or may be liable to him for all or part of the principal demand." (Emphasis added)
[2] See Duhon v. Lafayette General Hospital, 286 So.2d 166 (La.App. 3d Cir.1973) where the separate acts of the defendant doctors' malpractice and the hospital's negligence did not create in solido liability.