BOWES, Judge.
Defendants/third-party plaintiffs, Byron J. Handley, Arcadian Motor Carriers and National American Insurance Company appeal from a judgment of the trial court in favor of third-party defendants, Glen Le-Boeuf and Metropolitan Property and Casualty Insurance Company. We affirm.
FACTS
On November 1, 1989, plaintiff, Ronnie Jackson was involved in a two car accident with defendant, Bryan J. Hadley. Hadley was operating an 18-wheeler owned by Arcadian Motor Carriers and insured by National American Insurance Company. On October 30,1990, Jackson and his wife filed suit against Hadley, Arcadian Motor Carriers and National.
On October 19, 1990, prior to the filing of this suit, Ronnie Jackson was involved in a second automobile accident with Glen Le-Boeuf. On June 10, 1991, Hadley, Arcadian and National filed a third-party demand against LeBoeuf and his liability insurer, Metropolitan Property and Casualty Insurance Company.
On July 31, 1991, in response to the third-party demand, LeBoeuf and Metropolitan filed an “Exception of No Right and/or No Cause of Action and/or Exception of Improper Cumulation of Action.” After consideration of the pleadings filed, the trial court rendered judgment in favor of LeBoeuf and Metropolitan and against Hadley, Arcadian and National sustaining the exception of no cause of action and dismissing LeBoeuf and Metropolitan from the suit.
ANALYSIS
The issue involved here is whether a defendant can allege solidary liability with a codefendant, when both are separate tort-feasors who cause damage to the same plaintiff in two separate accidents approximately one year apart. This Court has previously answered this question in the negative.
In Perez v. State Farm Ins. Companies, 458 So.2d 218 (La.App. 5 Cir.1984), Perez was involved in an automobile accident with a vehicle driven by Gregory Turcuit. Because Turcuit was apparently uninsured and/or underinsured, Perez filed suit against her own insurer, State Farm under her policy’s uninsured motorist provisions. State Farm filed a third-party demand against Turcuit. Fourteen months after the first accident, Perez was involved in another vehicular accident with Rebecca Clark. State Farm amended its third party petition to include as third party defendants, Rebecca Clark, her husband and their insurer, Allstate Insurance Company. In its amended petition, State Farm averred that the second automobile accident “aggravated the injuries alleged to have been sustained by Mrs. Perez in the automobile accident which formed the basis of the original petition. It further alleged that any and all tortfeasors responsible for both accidents would be joint tortfeasors with regard to Mrs. Perez’s ultimate injuries.” Id. at 219.
Next, in the Perez case, the Clarks and Allstate filed an exception of no cause of action against State Farm’s third-party claim which was granted by the trial court. In a well-reasoned opinion this Court affirmed the actions of the trial court.
An analysis of the Perez case indicates the following:
First, this Court stated the allegations necessary to support a third party demand:
In order to state a cause of action in a third-party demand under LSA-C.C.P. Article 1111, the defendant in the principal action must allege facts showing that the third-party defendant is either his *384 warrantor or that the party is or may be liable to him for all or part of the principal demand.[1] Toledo Bend Proprietors v. Sabine River Authority of the State of Louisiana, 395 So.2d 429 (La.App. 3d Cir.1981), writ denied, 400 So.2d 903 (La.1981); Hubbs v. Canova, 427 So.2d 875 (La.App. 1st Cir.1982).
Secondly, this Court recognized that “... where the injured party is involved in separate automobile accidents, as here, the courts have refused to hold the tortfeasors solidarily liable.” McCreary v. Commercial Union Assurance Company, 372 So.2d 745 (La.App. 4th Cir.1979); Bolin v. Hartford Accident & Indemnity Company, 204 So.2d 49 (La.App. 2d Cir.1967). Id. 458 So.2d at 221.
Finally, in Perez this Court analyzed the facts and found that State Farm had failed to allege a cause of action against the Clarks and Allstate:
... Here the plaintiff was involved in two unrelated, separate automobile accidents occurring almost one year apart. Furthermore, the petition does not allege that demand has been made upon appellant for the injuries which may have occurred from the second accident, nor does the petition assert other facts which would create potential liability for any alleged aggravation of plaintiff’s injuries. In our opinion, appellant is attempting, through the procedural device of the third-party action, to protect itself from the potential of being cast in judgment for damages which may have occurred from an intervening cause. However, the question of apportionment of appellant’s share of the ultimate damages plaintiff may claim is a factual one to be determined by the trial court in light of the evidence produced at the trial of the first accident. Consequently, as we find that there is no solidary liability under these facts, and that appellant’s petition has failed to state any other basis upon which relief may be granted, we hold the peremptory exception was properly granted by the trial court.
Id. at 221.
We believe the Perez case is on point and controlling. Therefore, it dictates the result to be reached in this opinion.
As in Perez, the allegations of the third party petition filed by Hadley, Arcadian and National allege that LeBoeuf and Metropolitan are liable, in solido, with them for plaintiff’s damages. In addition, the record does not show that demand has been made upon Hadley, Arcadian and National for damages allegedly occurring in the Le-Boeuf accident. It appears that Hadley, Arcadian and National are attempting to protect themselves from judgment for damages caused by an intervening cause, namely LeBoeuf, as did State Farm in Perez, supra.
Accordingly, we find that the trial court did not err in granting Hadley’s exception of no cause of action.
Pursuant to LSA-C.C.P. art. 934, this Court must allow an amendment to the pleadings, if, on its face, the objections of the exception can be cured. As was the appellate panel in Perez, supra, we are of the opinion that the defects in the instant matter can no t be cured and no amendment need be allowed.
For the reasons discussed, the judgment of the trial court is affirmed. All costs of this appeal are assessed against appellants.
AFFIRMED.

. LSA-C.C.P. art. 1111 states, in pertinent part: "The defendant in a principal action by petition may bring in any person, including a codefend-ant, who is his warrantor, or who is or may be liable to him for all or part of the principal demand." [Emphasis supplied by the Perez court].