599 So.2d 892 (1992)
Mary Buccola, Wife of and John BUCCOLA
v.
Joseph A. MARCHESE, Holsum Bakeries, Inc. and Northbrook Property & Casualty Insurance Company.
No. 91-CA-0802.
Court of Appeal of Louisiana, Fourth Circuit.
May 28, 1992.
*893 R. Henry Sarpy, Jr., William J. Joyce, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for defendants/appellants.
Alan G. Bouterie, Chalmette, for plaintiffs-appellees.
Before SCHOTT, C.J., and BARRY and WARD, JJ.
WARD, Judge.
This appeal is from a judgment of the trial court which apportioned fault between two drivers in an automobile accident, Mrs. Mary Buccola and Mr. Joseph Marchese, awarding damages to Mrs. Buccola and her husband John for her injuries. While fault is not conceded by either Mrs. Buccola or Mr. Marchese, the apportionment of fault is not the central issue of this lawsuit or this appeal. The issue is damages, and the question is what amount of damages has Mrs. Buccola proven originated from this accident? That question occurs because Mrs. Buccola had a second automobile accident.
The first accident, the subject of this lawsuit, occurred in Jefferson Parish on July 15, 1987 when Joseph Marchese, an employee of Holsum Bakeries, Inc., pulled directly in front of Mary Buccola to make way for a fire engine. Mrs. Buccola filed this suit in Orleans Parish claiming general damages from physical and mental injuries, pain and suffering, and special damages. The trial court apportioned fault, allocating 85% to Joseph Marchese and 15% to Mary Buccola, holding Holsum (Marchese's employer) and Northbrook Property & Casualty Insurance Company, Holsum's insurer, liable for Marchese's negligence. The trial court held that it could not logically apportion the damages between the first or second accident, and held the defendants Marchese, Holsum, and Northbrook liable in solido with the defendants of the second lawsuit.
In the second accident, which also involved two automobiles, the driver of the other car, Young Nim Yim, rear-ended Mrs. Buccola's vehicle on November 27 of the same year. Mrs. Buccola was driving with her minor daughter Tamara as a passenger, and that accident occurred in Jefferson Parish where suit was filed. In that suit Mrs. Buccola claimed she "sustained severe, painful and permanent injuries to her lower back and legs, and has aggravated pre-existing conditions." There is no claim in that petition for damages for Tamara.
The second case was settled before this case went to trial, and there is little information about that accident. The settlement, however, was fashioned in an unusual manner whereby Metropolitan Property and Liability Insurance Company, Young Nim Yim's insurer, paid $22,000 to Mr. and Mrs. Buccola on behalf of their minor daughter Tamara, who no one claims was injured, and All State Insurance Company, Mr. and Mrs. Buccola's insurer, paid $1,500 to Mrs. Buccola, who claimed all of the injuries.
Defendants in this suit have appealed, and argue the trial court erred by holding they were solidarily liable with the defendants of the second case, and by holding them liable for damages caused in the second accident.
We agree and reverse.
The curious settlement of the second suit raises questions about the manipulation of Mrs. Buccola's claims. After settlement Mrs. Buccola obviously sought to *894 prove all of her damages were attributable to the first accident. The trial court allocated some of the damages to the first accident, but found he could not reasonably allocate the majority of the damages to either the first or second accident, and therefore held the defendants in both accidents liable in solido. That was error. La. C.C.P. art. 1201 states:
Citation, and service thereof are essential in all civil actions except summary and executory proceedings. Without them, all proceedings are absolutely null.
Defendants in the second lawsuit were not served with citation in this case, and without citation and service the trial court did not have jurisdiction. The trial court erred by rendering a judgment holding Marchese, Holsum, and Northbrook solidarily liable with defendants of the second lawsuit who are not parties to this lawsuit. The judgment as to those defendants is null.
Defendants in this case, however, also argue the judgment is null. We disagree. Article 1201 must be read with La.C.C.P. art. 6., "Jurisdiction over the person", and that requires service of process before a court has jurisdiction. When reading both articles, article 1201 means the judgment is null but only as to those who were not served with citation.
Defendants in both lawsuits cannot be held solidarily liable unless they are joint tortfeasors. McCreary v. Commercial Union Insurance Company, 372 So.2d 745 (La.App. 4th Cir.1979). Plaintiffs have not shown any holding that a defendant in one automobile accident is solidarily liable with a defendant in another accident that occurred several months later. Perez v. State Farm Insurance Company, 458 So.2d 218 (La.App. 5th Cir.1984) and Bolin v. Hartford Accident and Indemnity Company, 204 So.2d 49 (La.App. 2nd Cir.1967) hold that they are not solidarily liable. The trial court erred when it held the defendants solidarily liable with defendant of the other lawsuit.
Nevertheless plaintiffs argue that the trial court correctly determined that defendants were liable for the whole, even if the trial court erred by holding non parties solidarily liable. They argue that if damages are attributable to both accidents then all defendants are liable for those damages if the damages cannot be apportioned between the two accidents.
Plaintiffs rely on Probst v. Wroten, 433 So.2d 734 (La.App. 5th Cir.1982), which upheld the trial court's finding that the tortfeasors in two accidents which occurred over a year apart were both responsible to the full extent of plaintiffs' injuries because the damages could not be divided on a rational basis.
Additionally, the court in Probst, supra, cited Prosser on Torts, p. 266, 2d ed.
Once it is determined that the defendant's conduct has been a cause of some damage suffered by the plaintiff, a further question may arise as to the portion of the total damage sustained which may properly be assigned to the defendant, as distinguished from other causes. The question is primarily not one of the fact of causation, but of the feasibility and practical convenience of splitting up the total harm into separate parts which may be attributed to each of two or more causes. Where a logical basis can be found for some rough practical apportionment, which limits a defendant's liability to that part of the harm which he has in fact caused, it may be expected that the division will be made. Where no such basis can be found and any division must be purely arbitrary, there is no practical course except to hold the defendant for the entire loss, notwithstanding the fact that other causes have contributed to it. The distinction is one between injuries which are reasonably capable of being divided, and injuries which are not.
The following simplified breakdown of the trial judge's award is critical in understanding Holsum's desire to appeal.
 The July 15 accident:
 $10,000 General damages
 $ 6,597.49 Medical Expenses
 $ 5,880 Lost wages
The trial judge determined that Mrs. Buccola was 15% at fault and reduced the *895 judgment by that amount. Mr. Buccola was awarded $5,000 in loss of consortium: Jefferson Guaranty Bank intervened for workers compensation benefits in the amount of $3,471.98.
 The November 27th accident:
 $60,000 General damages
 $ 9,994.33 Medical bills
 $ 9,600 Future medical bills
 $36,101 Lost wages
 $35,280 Future lost wages
This portion of the award was also reduced by 15%. Mr. Buccola was awarded $15,000 in loss of consortium and expert fees of $1,350. In rare cases where defendants are joined in one lawsuit, even though not solidarily liable, that may be a rational solution. But when there are two accidents the damages must be apportioned if possible, although apportionment has some degree of arbitrariness inherent in the process.
We believe the trial court erred because the damages are capable of apportionment, at least with as much rationale as other apportionments where there are successive accidents. The law of Louisiana is clear that the tortfeasor in a second accident takes his victim as he finds her. Reck v. Stevens, 373 So.2d 498 (La.1979) at 502. Mrs. Buccolas' psychiatrist testified that he could not say which portion of Mrs. Buccola's problems directly related to the first or second accident. This is similar to the testimony given by the physician in Probst, supra. Nevertheless, every other expert, including orthopaedists who were Mrs. Buccola's treating physicians, testified that Mrs. Buccola was steadily improving before the second accident. Some even approved her return to work before the second accident. Moreover, Mrs. Buccola told Dr. Richoux that she was scheduled to return to work prior to the second accident, although she had some doubts whether she was able to do so. (Tr. Vol. 4, p. 99). She told her orthopaedist that the second accident made "her depression" worse.
Realizing that any apportionment must be somewhat arbitrary, but in this case not more than in others, we hold Marchese, Holsum and Northbrook liable for all of the damages listed below, which arise from the first accident of July 15:
 $10,000 General damages
 $6,597.49 Medical Expenses
 $ 5,880 Lost wages
 $ 5,000 Loss of consortium
We are satisfied that the defendants caused some future medical expenses for Dr. Richoux's treatment. Dr. Richoux recommended that Mrs. Buccola receive future psychotherapy on a bi-weekly basis for approximately two years from the time of trial. His fee per visit was $100.00. We compute the amount due as $4,800.00 (26 visits per year × 2 years × $100.00 per visit) rather than the $9,600.00 amount computed by the trial judge. We believe the defendants should be held accountable for 50% of the estimated future psychiatric expenses or $2,600.00. We therefore amend the judgment to reflect the decrease.
As to comparative fault, plaintiffs and defendants argue the trial court erred in its assessment. We do not find the trial court's evaluation manifestly erroneous. All of the above must be reduced by the 15% comparative fault assessed to Mrs. Buccola.
We assess to plaintiffs and defendants equally the costs of expert witnesses and other expenses listed in the trial court judgment of May 31, 1990. We uphold the trial court's judgment in favor of the intervenor, Jefferson Guaranty Bank, for worker's compensation paid to Mrs. Buccola. For the reasons given we reverse, and render judgment.
REVERSED, AMENDED AND RENDERED.
SCHOTT, C.J., dissents in part.
SCHOTT, Chief Judge, dissenting in part.
With all due respect to the trial court, it failed to perform its duty of allocating damages between two separate accidents *896 occurring four months apart. It compounded the problem by assigning the same degree of comparative fault to both accidents, even though the second was a rear end collision in which plaintiff contributed no fault.
Probst v. Wroten, 433 So.2d 734 (La.App. 5th Cir.1982), relied not only on the statement quoted from Prosser in my colleague's opinion, but also from another quotation from Prosser on page 250: "where two or more causes combine to produce a single result, incapable of any logical distinction, each may be a substantial factor in bringing about the loss, and if so, each must be charged with all of it." I respectfully submit that those were not the facts reported by the court in Probst and for that reason alone the case is wrong. It is interesting to note that Probst is not mentioned in Perez v. State Farm Ins. Companies, 458 So.2d 218 (La.App. 5th Cir.1984).
I disagree with the Probst case and would not follow it. Prosser's concern about a "purely arbitrary" allocation of the damages between two independent tort feasors does not concern me at all. Trial judges and juries routinely assess general damages in an arbitrary manner, and they routinely allocate percentages of fault to joint tort feasors and plaintiffs arbitrarily all in the guise of exercising the discretion given to the trier of fact in these matters. Such matters are never susceptible to any kind of mathematical or scientific test, and the amounts and percentages arrived at by different judges and juries span a wide range for the same type of injury or accident. Appellate courts consistently abhor attempts to make awards uniform. In this very case the trial court's allocation of fifteen percent comparative fault to the plaintiff was in large measure arbitrary, but we accept it as a reasonable exercise of discretion.
When the court of appeal reverses the trial court on liability as in the situation where the trial court dismisses a plaintiff's suit for damages, the amount of the award in favor of plaintiff must be determined. In most of these cases the court of appeal is compelled to make the award based upon the record and is not permitted by the Supreme Court to remand the case to the trial court. In such cases I believe the court of appeal takes upon itself the great discretion normally exercised by the trial court in awarding damages.
Similarly in the present case, while a remand to the trial court for the allocation of damages between the two accidents might seem to be the proper result, Supreme Court rulings compel this court to make the allocation. I agree with my colleagues' allocation including fifty percent of the future psychiatric expenses.
However, if the plaintiff required future treatments she must have faced some future mental anguish and suffering. Consequently, I would award some amount for general damages to compensate her for the mental suffering incurred after November 27, but caused by the first accident. In arriving at this amount I would probably be somewhat arbitrary in the exercise of my discretion.