532 So.2d 1367 (1988)
Herbert B. HARRIS, et al.
v.
The ESTATE OF Jo Anne FULLER and Sheriff Laymon Godwin.
No. 88-C-0705.
Supreme Court of Louisiana.
October 31, 1988.
Curtis W. Cary, Cary & Cary, Shreveport, for applicant.
Neal G. Johnson, Jones & Johnson, Monroe, for respondents.
COLE, Justice.
The sole issue presented is whether the three year period for redemption of immovable property sold in a tax sale is interrupted by the tax debtor's continued possession of the property. The court of appeal held La.R.S. 47:2221, as amended by Act 557 of 1978, allows the tax debtor's continued possession of immovable property sold for nonpayment of taxes to suspend the running of the three year period allowed for redemption of the property. 521 So.2d 736. We find the amendment of the statute did not effect such a result. Accordingly, we reverse the court of appeal and vacate the summary judgment of the trial court allowing plaintiffs to redeem property sold for nonpayment of 1976 taxes.

*1368 FACTS
Plaintiffs Herbert and Lou Harris were record owners in indivision of immovable property in Ouachita Parish. The property was purchased at a tax sale by Jo Anne Fuller on May 11, 1977 after the Harrises failed to pay their 1976 property taxes. One member or another of the Harris family has lived on the property in continuous and open possession from 1974 to date. There has never been a proceeding by Ms. Fuller or her succession to quiet title as provided under La.R.S. 47:2228. The Harrises filed suit on January 9, 1987 against the executrix of Jo Anne Fuller's succession, requesting the tax sale be declared null and void for lack of notice and, alternatively, that they be allowed to redeem the property under La.R.S. 47:2221.

MERITS
La.R.S. 47:2221 deals with the right to redeem property sold at a tax sale. It provides:
Property sold at a tax sale shall be redeemable in accordance with Section 25 of Article VII of the constitution of 1974. Nothing in this Section shall be construed so as to affect in any way, the principle that as to a tax debtor-owner in possession, prescription does not begin against him and in favor of the tax title purchaser until such tax debtor-owner has been first dispossessed.
Article VII, Section 25 of the constitution of 1974 deals with tax sales generally and subpart (B) thereof provides specifically with respect to the redemption of property sold at tax sales. It provides:
The property sold shall be redeemable for three years after the date of recordation of the tax sale, by paying the price given, including costs, five percent penalty thereon, and interest at the rate of one percent per month until redemption.

An action for redemption does not require any showing of irregularity or defect in notice. It is merely a return of property to the tax debtor-owner on demand upon payment of the amount of back taxes due. The Harrises filed a motion for summary judgment on the action for redemption only. Fuller's estate opposed, arguing the Harrises had no cause of action to redeem the property because the three year constitutional period referenced by La.R.S. 47:2221 had run. The Harrises maintain the three year period is interrupted by their continued possession of the property. The basis of their contention is Act 557 of 1978 which amended R.S. 47:2221 to conform to the 1974 constitution and to add the phrase:
Nothing in this section shall be construed so as to effect in any way, the principle that as to a tax debtor-owner in possession, prescription does not begin against him and in favor of the tax title purchaser until such tax debtor-owner has been first dispossessed.
It is necessary to distinguish an action to redeem property sold at a tax sale from an action to annul a tax sale. La.R.S. 47:2226 deals with the annulment of tax sales. It provides:
No sale of property for taxes shall be set aside except as provided in Section 25 of Article VII of the constitution of 1974. Nothing in this Section shall be construed so as to affect in any way, the principle that as to a tax debtor-owner in possession, prescription does not begin against him and in favor of the tax title purchaser until such tax debtor-owner has been first dispossessed.[1]
Article VII, Section 25(C) of the constitution of 1974 deals specifically with the annulment of tax sales and provides in part:
No sale of property for taxes shall be set aside for any cause, except in proof of payment of the taxes prior to the date of the sale, unless the proceeding to annul is instituted within six months after service of notice of sale. A notice of sale *1369 shall not be served until the final day for redemption has ended. It must be served within five years after the date of the recordation of the tax deed if no notice is given....
After the three year period for redemption of property sold at a tax sale, the tax debtor-owner may still seek annulment of the sale. He must proceed to annul within six months after service of notice of sale. And, notice of sale cannot be served until the final day for redemption [three years after date of recordation]. Notice of sale, however, must be served within five years after the recordation of the tax deed. Theoretically, a tax debtor-owner may have as much as five years and six months to commence his action to annul.
We noted in Securities Mortgage Company, Inc. v. Triplett, 374 So.2d 1226, (La. 1979), at p. 1230:
This Court has repeatedly held that this five year prescriptive period [to annul] is suspended by the tax debtor's continued possession of the property. [Citations omitted.]
To the contrary, the three year period for redemption has been held not to be suspended or interrupted by the tax debtor's continued possession of the property. As also stated in Securities Mortgage Co., Inc., supra at 1231:
While the five year period within which the tax debtor can annul a tax sale is interrupted by the physical possession of the property by the owner, the three year period is not. DiGiovanni v. Cortinas, supra; [216 La. 687, 44 So.2d 818 (1950)]; Bradford v. Patterson, 159 So. 2d 342 (La.App. 2d Cir.1963); Finley v. Abbitt, 190 So.2d 656 (La.App. 2d Cir. 1966; La. Const. 1921, art. X, § 11 and as carried forward in La. Const. 1974, art. VII, § 25; and R.S. 47:2221.
. . . .
The tax debtor's only recourse once the three year period has run and he has failed to redeem, is to bring an action attacking the validity of the tax sale. As stated previously, this action must be brought within five years from the date of recordation of the tax deed, unless this period has been interrupted by the physical possession of the property by the debtor.
See also Meshell v. Bauer, 215 La. 619, 41 So.2d 237 (1949) (interruption by possession only applies to actions to annul). The court noted [f.n. 4, p. 1231] all the facts in Securities arose prior to the amendment of R.S. 47:2221 in 1978. Significantly, the court said: "Whatever effect the amendment may have on the constitutional and statutory scheme in the future concerning redemption, annulment of tax sales, and quieting tax titles, it does not affect the present case."
We recognize for the purposes of this case this language in Securities is dicta. However, we deem it correct and now apply it in proper factual context. We thus hold the three year period mandated by Article VII, Section 25(B) of the constitution of 1974 is peremptive and, therefore, cannot be suspended or interrupted. We have reached this conclusion after reviewing the constitutional history of the tax sale redemption language and after looking to the jurisprudential method for making such a determination.

* * * * * *
The issue of whether the three year period was to be prescriptive or peremptive was not discussed specifically by the Constitutional Convention of 1973. See the discussion at XXV State of Louisiana Constitutional Convention of 1973, Verbatim Transcripts, Seventy-Ninth Day's Proceedings at 2-8; 25-40. The provision which became Article VII, Section 25 adopted virtually verbatim the prior constitutional provision (Article X, Section 11 (1921)), without the unnecessary grandfather clause that appeared in the earlier version. Delegate Avant first inadvertently proposed an amendment incorporating the same basic premise but in different language. See XXV Verbatim Transcripts, supra, at 25. He substituted one which also retained virtually the identical language of the prior provision. Id. Avant consistently remarked in the discussion of the amendment that its purpose is to give the taxpayer the right to redeem *1370 property "within a three year period." This can be read to suggest the period is peremptive since no mention is made of a necessity of eviction. In fact, since the purpose of the amendment is to protect property owners who are down on their luck from "tax sale sharks," an eviction requirement seems contrary to the guiding purpose of the constitutional provision. The Convention adopted the Avant proposal, rejecting an amendment proposed by Delegates Pugh, et al. which would have expanded the legislature's authority to make laws governing redemption within three years. Avant's understanding of his amendment was that it "incorporates into the proposed constitution the exact provisions that were contained in the Constitution of 1921, which, to just simply sum up, is that there is no forfeiture of property for failure to pay taxes, but that the property will be sold subject to a right to redeem within a three year period." XXV Verbatim Transcripts, supra, at 26.
Avant was careful to distinguish between redemption of property sold at a tax sale and the right to annul a tax sale. In response to a question, he explained:
Well, you're talking about two different things, Mr. Winchester. One, we're talking about redemption within the period allowed by law for redemption, but, the language you're reading doesn't refer to that. It refers to the annuling of a tax sale after the period for redemption has expired, and you will file a suit to have the sale declared a nullity....
XXV Verbatim Transcripts, supra, at 27.
On balance, it appears the delegates to the Convention were fully apprised that after the three year period expired the taxpayer was relegated to an action for nullity. No specific mention was ever made of the three year period being susceptible of suspension or interruption.

* * * * * *
Looking to the method for determining whether a provision is peremptive or prescriptive, we find our latest expression in Pounds v. Schori, 377 So.2d 1195 (La. 1979). Therein, we stated:
[E]ach case of this nature should be considered separately on its merits, bearing in mind that the main consideration is the purpose sought to be achieved by the particular limitation period involved.
Thus, the question is posed: what is the purpose sought to be achieved by Article VII, Section 25(B) of the Constitution of 1974? Certainly, one obvious purpose was to give a tax debtor-owner an unfettered right to reclaim his property within three years from recordation of the tax sale. This was intended regardless of the procedural perfection of notice to the owner and the satisfaction of other technical requirements prior to the sale.
An equally important purpose behind the three year period for redemption is discernable and is one which militates strongly in favor of declaring the period peremptive. It is the long-standing public policy in this state to make certain and protect the title to immovable property. In Pounds, the court found the time limitation within which the husband of the mother could dispute the legitimacy of the child to be peremptive. We did so because of the important purpose of protecting the legitimacy of children. We think the historical public interest in identity and marketability of land titles is also deserving of protection and underlies the purpose of a peremptive period following tax sales. See Comment, Legal Rights and the Passage of Time, 41 La.L.Rev. 220, 242 (1980); see also King v. Moresi, 223 La. 54, 64 So.2d 841, 842 (1953) ("This constitutional provision [Art. X, § 11 (1921) ] announces the public policy of this state to set at rest tax titles once and for all.").

* * * * * *
On the issue of legislative intent we note the problem phrase was inserted verbatim into La.R.S. 47:2221, 2226, and 2228 by the same Act. The phrase was likely included in La. 47:2221 as an oversight, an overcautious effort to protect existing landowner rights. We will not presume the legislature intended an irrational result. An action to redeem property sold for nonpayment of taxes does not require any showing of irregularity in the tax or sale *1371 process. The tax debtor may redeem at will even if he intentionally or negligently failed to pay his taxes. If we accept the reading urged by the respondents, a purchaser at a tax sale would become a quasi tax collector, dispossessing the owner only to have him pay the back taxes and redeem the property. The insecurity of title obtained through a tax sale and high cost of litigation would deter prospective buyers and there would be no effective method for the state to collect back taxes from land owners who reside on their property.[2]
As further evidence of legislative intent, it is indicated from a reading of R.S. 47:2228 (Procedure to quiet tax titles), the problem phrase was not intended to effect a suspension of the three year period for redemption of property. The first paragraph of Section 2228 allows the purchaser to bring a suit to confirm his title after the lapse of three years from the date of recording the tax deed. He cannot bring the suit prior to that time and after he brings the suit the tax debtor-owner has six months to bring an action to annul. If he fails to do so, "judgment shall be rendered quieting and confirming the sale." By contrast, the second paragraph of Section 2228 addresses the procedure for the quieting of title "by prescription of five years under the provisions of Section 25 of Article VII of the Constitution of 1974...." It adds "the failure to bring suit [to quiet title] shall in no manner affect such prescriptive titles." Following the separate treatment of the three and five year periods, the legislature then added the problem phrase relative to prescription not running against a tax debtor-owner in possession. It is noteworthy the legislature never used the word "prescription" in the first paragraph premised upon the three year period.

* * * * * *
In conclusion, we find the 1978 amendment to R.S. 47:2221 is meaningless in light of the fact Article VII, Section 25(B) of the constitution sets forth a peremptive period. The reference in R.S. 47:2221 to "prescription" not beginning to run against a tax debtor-owner in possession cannot be given effect. Because the three year constitutional period is peremptive, and not prescriptive, the articles of the Civil Code relating to peremption (La.C.C. arts. 3458, et seq.) are in direct conflict with the applicability here of such concepts as suspension or interruption. Insofar as redemption is concerned, the 1978 amendment to R.S. 47:2221 cannot be given effect. We cannot ascribe to the Legislature an intention to give effect to a provision with constitutional infirmity or contrary to codal authority. It may well be the Legislature was uncertain of the judicial interpretation of Article VII, Section 25(B) and, out of an abundance of caution, inserted the provision. More likely, it inadvertently inserted the language at issue in R.S. 47:2221 while updating constitutional references and preserving the concept for actions to annul tax sales and quiet titles.

DECREE
The decision of the Court of Appeal is hereby reversed and the district court grant of summary judgment to plaintiffs-respondents is vacated. Any rights plaintiffs-respondents may have with respect to an action to annul the tax sale are reserved.
COURT OF APPEAL REVERSED; JUDGMENT OF THE TRIAL COURT VACATED AND SET ASIDE.
LEMMON, J., concurs.
WATSON, J., concurs and assigns reasons.
WATSON, Justice, concurs and assigns the following reasons:
LSA-R.S. 47:2221 was amended by Act 557 of 1978 to state that prescription does not run against a tax debtor-owner until that tax debtor-owner has been dispossessed. The courts of appeal have consistently held that the legislation overruled prior jurisprudence which did not allow interruption of the three year period for redemption allowed by LSA-Const. 1974, Art. *1372 7, § 25(B). See Nicolaides v. Roussel, 495 So.2d 323 (La.App. 4 Cir.1986), writ den. 497 So.2d 313 (La.1986); Baggett v. Charlida, Inc., 496 So.2d 1389 (La.App. 3 Cir. 1986); Boland v. Roussel, 495 So.2d 318 (La.App. 4 Cir.1986), writ den. 497 So.2d 313 (La.1986); and the instant case, Harris v. Estate of Fuller, 521 So.2d 736 (La.App. 2 Cir.1988), writ granted 523 So.2d 1330 (La.1988).
Possession by a tax debtor after a tax sale has generally been regarded as a continuous protest against the sale. While the policy considerations stated by the majority have weight, there is no constitutional bar preventing the legislature from extending the principle of tax protest by possession to redemptions. However, the minutes of a Senate Committee meeting on June 28, 1978, indicate that Act No. 557, passed by House Bill No. 1389, was understood as curative legislation merely changing statutory references from the 1921 to the 1974 Constitution.
I respectfully concur in the result reached by the majority.
NOTES
[1] The second sentence in R.S. 47:2226 is identical to the second sentence in R.S. 47:2221. The provision is also contained in R.S. 47:2228 dealing with the procedure for quieting tax titles. All three sections were amended by Act 557 of 1978 to effect a proper reference to the new constitution and to add the language with reference to the suspension of the running of prescription.
[2] For another treatment of the legislative intent embodied in Act 557 of 1978, see Judge Byrnes' dissent in Boland v. Roussel, 495 So.2d 318 (La.App. 4th Cir.1986).