830 So.2d 414 (2002)
Terri Lynn SAVAGE, Plaintiff-Appellant,
v.
Dr. John McCONNELL, et al., Defendant-Appellees.
No. 36,441-CA.
Court of Appeal of Louisiana, Second Circuit.
October 23, 2002.
*415 Rountree, Cox, Guin & Achee by Gordon Rountree, Shreveport, for Defendant-Appellee.
Terri Lynn Savage, In Proper Person, for Plaintiff-Appellant.
Before BROWN, PEATROSS and HARRISON (Pro Tempore), JJ.
HARRISON, Judge Pro Tempore.
The plaintiff, Terri Lynn Savage, appeals a summary judgment that dismissed her dental malpractice claim against Dr. John McConnell and his insurer, Medical Protective Company. We affirm.

Procedural background
In early May 1998, Dr. McConnell, a general dentist in Minden, Louisiana, performed a root canal on Ms. Savage. He stated in affidavit that he explained the procedure to her, that it went "normally," but that he did not crown the tooth because she was about to undergo orthodontic treatment with another dentist. Ms. Savage raised no complaints about the tooth and missed her next scheduled appointment in September 1998.
Ms. Savage's next communication with Dr. McConnell was over a year later. By letter of November 18, 1999, she complained that he was billing her for the dental work. She also wrote that her mouth was still in pain; after obtaining two other opinions she "was told that a separated file was left off your tools that you worked on my mouth in my canal down in my teeth." She accused him of negligence and asked him to respond in five business days. Dr. McConnell replied by letter, offering to "correct the situation."
Ms. Savage filed a complaint with the Patients' Compensation Fund. A medical review panel ("MRP") was convened, consisting of Drs. Joseph Lattier, Frank Gaensehals and Ed Brown. In February 2001 the MRP found unanimously that the evidence did not support the conclusion that Dr. McConnell failed to meet the applicable standard of care. It also found that Dr. McConnell's conduct was not a factor in the asserted resultant damages. It finally found that Dr. McConnell followed up with the patient in writing, which was "above and beyond the standard of care."
Ms. Savage filed the instant petition in May 2001. She alleged that Dr. McConnell was negligent for failing to notice that the file he was using "had broken and had become embedded in plaintiff's jaw," for failing to reschedule her to check the pain she was experiencing, and "other such acts of negligence and fault which may be determined at the trial of the matter."
In October 2001, the defendants moved for summary judgment on grounds that the plaintiff could not establish breach of the applicable standard of care. In support, they offered the MRP opinion, Ms. Savage's dental charts, and the affidavits of Dr. McConnell and his dental assistant, Kelli Morgan, which laid out the facts outlined *416 above. They also offered the affidavit of Dr. Lattier, who had served on the MRP. He stated that in root canal therapy, thin files are used to clean out the roots of the teeth. He stated, "It is not unusual for a file tip to break off in this process and it is not a breach of the standard of care of general dentistry when this happens."
Ms. Savage, whose attorney had withdrawn from representing her in August, filed a handwritten motion for continuance, which the court granted. However, she made no other filing. At the hearing on the motion for summary judgment in December 2001, she appeared in proper person. She testified that her attorney had "backed out" after the MRP ruled against her, and she had been unable to hire another lawyer. The court explained that after the defendants filed the motion for summary judgment, it became her obligation to come forward with admissible evidence in the form of an affidavit from a dentist or some other type of expert witness to show there was a genuine issue of material fact. The court also noted that she had over three months to retain other counsel, and found that 90 days was long enough to hire a lawyer. The court ruled that because a proper motion for summary judgment had been filed, and because Ms. Savage had presented nothing in affidavit form to oppose the motion, there was no alternative but to grant the summary judgment. Ms. Savage has appealed.

Discussion
Summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action, except those disallowed by law; the procedure is favored and must be construed to accomplish these ends. La. C.C.P. art. 966 A(2). After adequate discovery or after a case is set for trial, a motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 B, C(1). Appellate review of summary judgment is de novo, utilizing the same criteria that guide the trial court's grant of the judgment. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181 (La.2/29/00), 755 So.2d 226.
When a motion for summary judgment is made and supported as provided by law, an adverse party may not rest on the mere allegations or denials of her pleading, but her response, by affidavits or as otherwise provided by law, must set forth specific facts showing that there is a genuine issue for trial. If she does not so respond, summary judgment, if appropriate, will be rendered against her. La. C.C.P. art. 967; Independent Fire Ins. Co. v. Sunbeam Corp., supra.
If the moving party will not bear the burden of proof at trial on the matter that is before the court on motion for summary judgment, that party's burden on the motion is to point out to the court an absence of factual support for one or more essential elements of the adverse party's claim, action or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966 C(2); King v. Phelps Dunbar LLP, 98-1805 (La.6/4/99), 743 So.2d 181.
To prevail in a medical malpractice claim, the plaintiff must prove the applicable standard of care, the physician's breach of that standard, and the causal connection between the breach and the resulting harm. La. R.S. 9:2794 A; Orea v. Brannan, 30,628 (La.App. 2 Cir. *417 6/24/98), 715 So.2d 108. A favorable affidavit by the treating physician and a favorable opinion by the MRP are sufficient to establish an absence of factual support for the plaintiff's claims. Hinson v. Glen Oak Retirement Home, 34,281 (La.App. 2 Cir. 12/15/00), 774 So.2d 1134.
In the instant case, the motion for summary judgment was fully supported by the attachments. This shifted to Ms. Savage the burden of going forward. Because Dr. McConnell did not bear the burden of proof in the dental malpractice action, it was sufficient for him to point out to the court that there was an absence of factual support for Ms. Savage's claim. As noted, Ms. Savage never filed any summary judgment evidence to show that she could create a genuine issue of material fact for trial. For this reason, the summary judgment was appropriate.
In her pro se brief, Ms. Savage urges that she attached the affidavit of a Dr. Neer as evidence that Dr. McConnell failed to meet the applicable standard of care. We have closely examined the record and do not find that this affidavit was ever actually filed. Thus there is nothing for us to consider. Further, merely referring to an expert will not defeat a properly supported motion for summary judgment. Edwards v. Raines, 35,284 (La.App. 2 Cir. 10/31/01), 799 So.2d 1184. Although expert opinion is not essential in every medical malpractice case, most cases require it. Edwards v. Raines, supra; Vinson v. Salmon, 34,582 (La.App. 2 Cir. 5/9/01), 786 So.2d 913; Demopulos v. Jackson, 33,560 (La.App. 2 Cir. 6/21/00), 765 So.2d 480. The instant case would require expert opinion.

Conclusion
For the reasons expressed, the summary judgment is affirmed. Costs are assessed to the plaintiff, Terry Lynn Savage.
AFFIRMED.