836 So.2d 1173 (2003)
SUNSET REALTY, INC., Plaintiff-Appellees,
v.
Alfred J. ANTONINI and Alva Jane Marquez Antonini, Defendants-Appellants.
No. 36,788-CA.
Court of Appeal of Louisiana, Second Circuit.
January 29, 2003.
*1174 Mayer, Smith & Roberts, L.L.P. by: David F. Butterfield, for Appellants.
Theus, Grisham, Davis & Leigh, L.L.P. by: Edwin K. Theus, Jr., Monroe, for Appellee.
Before CARAWAY, PEATROSS & DREW, JJ.
PEATROSS, J.
This appeal arises from a summary judgment granted by the trial court in favor of the plaintiff, Sunset Realty, Inc. ("Sunset"), and against the defendants, Alfred J. Antonini and Alva Jane Marquez Antonini (collectively "the Antoninis"). The Antoninis appeal the judgment of the trial court. For the reasons stated herein, we affirm.

FACTS
The Antoninis were the record owners of certain immovable property situated in Ouachita Parish. The property is described as:
The East one-half (E/2) of Lot Twenty (20) of that portion of the Fennell Estate situated South of DeSiard Road, being a portion of Ingleside Plantation, in Sections 21, 28, 37 and 38, Township 18 North, Range 4 East, Ouachita Parish, Louisiana, as per plat recorded in Plat Book 8, page 27 of the records of said parish; said tract fronting 225.005 feet on the South line of Blanks Street and running back into said Lot Twenty (20) between parallel lines, one of which is the East line of Lot Twenty (20), a distance of 1749.08 feet, more or less, on said East line, to the South line of said Lot Twenty (20).
As a result of the Antoninis' failure to pay property taxes on this property for the tax year 1996, the Ouachita Parish Sheriff conducted a tax sale of the property on June 11, 1997. At the Sheriff's tax sale, the property at issue was sold to Charles R. Theus ("Theus") for the sum of $13,057.05. *1175 The Tax Collector's Deed conveying the property to Theus was recorded in the conveyance records in Ouachita Parish on June 18, 1997. The deed described the property as:
E½ Lot 20 Fennell Est. lying S of De Siard St & Frtg 225.005 Ft. on S side Blanks, depth S 1749.08 Ft. R-67606, Ouachita Parish, Louisiana.
Thereafter, Theus paid the property taxes on the property. On September 28, 2000, he sold the property to Sunset. On that same day, the Ouachita Parish Sheriff recorded a document entitled "Act of Correction" in the conveyance records in Ouachita Parish, substituting for the shortened description of the property in the Tax Collector's Deed recorded on June 18, 1997, a longer description of the property. The property was then described as:
The East one-half (E/2) of Lot Twenty (20) of that portion of the Fennell Estate situated South of DeSiard Road, being a portion of Ingleside Plantation, in Sections 21, 28, 37 and 38, Township 18 North, Range 4 East, Ouachita Parish, Louisiana, as per plat recorded in Plat Book 8, page 27 of the records of said parish; said tract fronting 225.005 feet on the South line of Blanks Street and running back into said Lot Twenty (20) between parallel lines, one of which is the East line of Lot Twenty (20), a distance of 1749.08 feet, more or less, on said East line, to the South line of said Lot Twenty (20).
The deed which conveyed the property to Sunset and which contained the longer description was recorded in the conveyance records in Ouachita Parish on October 6, 2000. At no point did the Antoninis ever take any steps to redeem the property.
On September 10, 2001, Sunset sued the Antoninis to quiet the tax title of the property at issue, pursuant to the provisions of La. R.S. 47:2228. Mr. Antonini filed his answer on October 23, 2001, and Mrs. Antonini filed her answer on October 31, 2001. The Antoninis did not conduct any discovery, nor did they take any other action. On February 21, 2002, Sunset filed a motion for summary judgment, attaching to the motion and the supporting affidavit what it believed to be the Tax Collector's Deed conveying the property from the Antoninis to Theus. Also attached to the motion for summary judgment was the "Act of Correction" dated September 28, 2000, and the deed conveying the property from Theus to Sunset. The motion for summary judgment was set to be heard on March 13, 2002.
On March 11, 2002, the Antoninis filed an opposition to Sunset's motion for summary judgment, alleging that Sunset's motion was defective because of material issues of fact in dispute and because Sunset was not entitled to judgment as a matter of law. Among the issues of material fact alleged by the Antoninis to be in dispute were whether Sunset was the proper party plaintiff; whether a Mr. Joseph H. Hakim ("Hakim") (who had signed the deed for Sunset) had authority to act on behalf of Sunset in the transactions of the property at issue; whether the three-year redemption period to reclaim the property had expired; whether there were fatal defects in the chain of title for the property; whether Sunset legitimately acquired the property; and whether Sunset was actually a corporation. On the same day the Antoninis filed the opposition to Sunset's motion for summary judgment, Sunset filed a supplement to its motion for summary judgment because Sunset had erroneously attached to its original motion for summary judgment a Tax Collector's Deed that was not the Tax Collector's Deed of the property at issue.[1] In the supplement *1176 to its motion for summary judgment, Sunset attached the correct Tax Collector's Deed.
On March 13, 2002, the hearing was held on the motion for summary judgment. At the time of the hearing, Mr. Antonini was incarcerated in a federal prison in California. The trial judge granted Sunset's motion for summary judgment; but, because of Mr. Antonini's incarceration, the trial judge stayed the signing of a formal judgment for a period of 45 days to allow time for the defendants to "traverse if necessary.[2]" Mr. and Mrs. Antonini made no other filings; and, on May 8, 2002, the trial judge signed a formal judgment granting summary judgment in favor of Sunset, quieting Sunset's tax title to the property at issue. The Antoninis now appeal, raising the following assignments of error:
1. The trial judge erred in allowing Sunset to file a "Supplement" to its motion for summary judgment two days before the hearing, and without requiring Sunset to have it formally served; and
2. The trial judge erred in granting summary judgment in favor of Sunset when there were genuine issues of material fact concerning Sunset's ownership of the property.

DISCUSSION

Genuine Issues of Material Fact
We will first address the Antoninis' second assignment of error.
Our review of a motion for summary judgment is de novo. Independent Fire Insurance Company v. Sunbeam Corporation, 99-2257 (La.2/29/00), 755 So.2d 226. Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. McKoin v. State Farm Fire and Casualty Company, 36,429 (La.App.2d Cir.10/23/02), 830 So.2d 437. A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B).
Summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action, except those disallowed by law; the procedure is favored and must be construed to accomplish these ends. Savage v. McConnell, 36,441(La.App.2d Cir.10/23/02), 830 So.2d 414. Despite the legislative mandate now favoring summary judgments, "factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent's favor." Willis v. Medders, 00-2507 (La.12/8/00), 775 So.2d 1049. When a motion for summary judgment is made and supported as provided by law, however, an adverse party may not rest on the mere allegations or denials of pleading of the party, and the response of that party, by affidavits or as otherwise provided by law, must set forth specific facts showing that there is a genuine issue for trial. Savage, supra. Once a prima facie showing has been made that there is no genuine issue as to a material fact and that summary judgment should be granted, the burden shifts to the nonmover. Bertrand v. Air *1177 Logistics, Inc., 01-1655 (La.App. 3d Cir.6/19/02), 820 So.2d 1228. If the adverse party does not respond, summary judgment, if appropriate, shall be rendered against him.
In the case sub judice, Sunset's motion for summary judgment was supported by affidavit and the supporting documents attached to the affidavit. The documents necessary to quiet the tax title were the appropriate deeds showing the transfer of the property from the Antoninis to, eventually, Sunset. "A tax deed by a tax collector shall be prima facie evidence that a valid sale was made." La. Const. art. 7, § 25. These documents were submitted to the trial judge and he reviewed them accordingly. Through these documents, Sunset showed that there was no genuine issue of material fact in this case; and, therefore, the burden then shifted to the Antoninis to establish that there were still genuine issues of material fact in dispute.
The Antoninis, as the nonmover of the motion for summary judgment, have failed to respond to the motion and to set forth specific facts showing that there is still a genuine issue of material fact in dispute for trial. Despite having an additional 45 days to file opposing documents with the trial judge, the Antoninis failed to file any such documents that would suggest that there is a genuine issue of material fact still in dispute. The Antoninis cannot rest on the mere allegations and denials in their pleadings.
The Antoninis' allegations of fatal flaws in Sunset's motion for summary judgment are inadequate. The contentions raised by the Antoninis concerning Sunset's lack of proper ownership, corporate leadership and existence as a corporation are unfounded. In addition, the Antoninis' claims that the consideration for the property paid by Sunset to Theus was improper is also unsubstantiated. The Antoninis set forth no statutory or jurisprudential basis for their assertions. They have provided neither to the trial court nor to this court any evidence on which their assertions are based. Accordingly, these assertions are without merit.
One of the Antoninis' assertions, however, warrants discussion. The proper description of property in a deed is of great importance. It is the long-standing public policy in this state to make certain and protect the title to immovable property. Harris v. Estate of Fuller, 532 So.2d 1367 (La.1988). The Antoninis contend that the shorter property description found on the Tax Collector's Deed dated June 18, 1997, was not sufficient and that the three-year peremptive period to quiet tax title did not begin to run until September 28, 2000, when the Ouachita Parish Sheriff's office filed its "Act of Correction" to the deed. This Act of Correction listed the more detailed and longer description of the property. Since three years from September 28, 2000, had not elapsed on September 10, 2001, when Sunset filed its petition to quiet the tax title, the Antoninis argue that Sunset is not entitled to summary judgment as a matter of law.
The procedure to quiet tax title is found in La. R.S. 47:2228, which provides in pertinent part:
After the lapse of three years from the date of recording the tax deed in the conveyance records of the parish where such property is situated, the purchaser, his heirs or assigns, may institute suit by petition and citation as in ordinary actions against the former proprietor or proprietors of the property, in which petition must appear a description of the property, mention of the time and place of the sale and name of officer who made same, reference to page of record book and date of recording tax deed, notice that petitioner is owner of the *1178 said property by virtue of said tax sale, and notice that the title will be confirmed unless a proceeding to annul is instituted within six months from date of service of the petition and citation.
The description of the property in the Tax Collector's Deed, which conveyed the property from the Antoninis to Theus, contained what is commonly known as a "thumbnail" description of the property. A thumbnail description is an abbreviated description of the property used for the convenience of the tax assessor and tax collector. The use of an abbreviated description is sufficient to properly describe the property at issue in this case. In Seneca Resources Corporation v. Delacroix Corporation, 573 So.2d 1244 (La. App. 4th Cir.1991), writ not considered, 577 So.2d 10 (La.1991), the court held that a shortened description of property is still adequate to provide the necessary identification. The property in Seneca Resources Corporation was described only as, "[a]ll of Section 34, Township 15 South, Range 17 East." Similarly, in the case sub judice, we find that the abbreviated description of the property in the Tax Collector's Deed, dated June 18, 1997, is also sufficient and that the property described in that deed is easily identified to the world.
Furthermore, it is incorrect to state that the deed conveying the property from Theus to Sunset contained a completely different description of the property than the abbreviated description in the Tax Collector's Deed which conveyed the property from the Antoninis to Theus. There is no discrepancy between these two deeds. The abbreviated Tax Collector's Deed and the later deed identify the exact same property.[3] Since we find that the description of the property in the Tax Collector's Deed dated June 18, 1997, was a sufficient description, the three-year peremptive period began to run from that date. As set forth by our supreme court, the public policy of this state is to set at rest tax titles once and for all. Harris, supra, citing, King v. Moresi, 223 La. 54, 64 So.2d 841 (1953). The three-year peremptive period accrued exactly three years from the date of the recording of the tax deed in the conveyance records. The Antoninis have not carried their burden of proof and there is no genuine issue of material fact in this case still in dispute; therefore, this second assignment of error is without merit.

Summary Judgment and Supporting Documents
We now turn our attention to the Antoninis' first assignment of error.
The Antoninis argue that the trial judge erred both in allowing Sunset to file a supplement to its motion for summary judgment two days before the summary judgment hearing and in failing to require Sunset to have them "formally" served with the supplement. La. C.C.P. art. 966(B) provides:
The motion for summary judgment and supporting affidavits shall be served at least ten days before the time specified for the hearing. For good cause, the court shall give the adverse party additional time to file a response, including opposing affidavits or depositions. The adverse party may serve opposing affidavits, and if such opposing affidavits are served, the opposing affidavits and any memorandum in support thereof shall be served pursuant to Article 1313 at least four days prior to the date of the hearing unless there are local rules of court to the contrary. The judgment *1179 sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
The Antoninis assert that Sunset's motion for summary judgment was fatally defective because the correct Tax Collector's Deed was not attached to the summary judgment motion and Sunset cannot attempt to cure this defect by filing the correct Tax Collector's Deed in a supplement to its motion only two days before the summary judgment hearing. We do not agree.
The Antoninis' arguments concerning Sunset's motion for summary judgment are misguided. La. C.C.P. art. 966(B) specifically sets forth that, "[a] motion for summary judgment and supporting affidavits shall be served at least ten days before time specified for the hearing." Sunset properly served the Antoninis with the motion and supporting affidavit more than ten days before the summary judgment hearing. Only the motion itself and the supporting affidavits to the motion are required by La. C.C.P. art. 966(B) to be served ten days before the hearing. The Tax Collector's Deed, which was filed with the trial court two days before the hearing, was not an affidavit. The Tax Collector's Deed was simply a document supporting the contents of the affidavit, which had correctly described the deed. This supporting document simply replaced the incorrect Tax Collector's Deed which had been originally attached to the affidavit. There is no requirement in La. C.C.P. art. 966(B) that every supporting document must also be filed and served on opposing counsel ten days before the summary judgment hearing.
Moreover, the Antoninis cannot in good faith assert that they did not understand which property was at issue in this case. The correct description of the property at issue was listed originally in the petition, in the motion for summary judgment and in several places in the other supporting documents attached to the affidavit in support of the motion for summary judgment, including in the affidavit itself and in the deed which conveyed the property from Theus to Sunset. The correct Tax Collector's Deed, which conveyed the property from the Antoninis to Theus, was the only item missing from the supporting documents filed with the affidavit and attached to the motion for summary judgment. The Antoninis were fully aware of which property was at issue in this case and they were not prejudiced by the replacement of an incorrect supporting document with a correct supporting document.
Finally, the Antoninis' reliance on the case of Lassere v. State, Department of Health and Hospitals, Office of Public Health, et al, 00-0306 (La.App. 1st Cir.3/28/01), 808 So.2d 513, is misplaced. The issue in Lassere was whether a motion for summary judgment was proper when the opposing counsel was not served with the notice of the summary judgment hearing until the day before the hearing was scheduled, giving counsel no notice of the motion or its basis until the day before the hearing. The court held that the requirement of giving ten days notice is designed to give fair notice of the evidentiary and legal issues for the motion. Even without the correct Tax Collector's Deed attached to the motion for summary judgment, the Antoninis knew precisely what the issues were in this case. More importantly, giving notice of the summary judgment hearing is a different issue than the issues that exist in the case sub judice. The Antoninis had notice of the hearing and the basis for the issues involved, making Lassere distinguishable from the instant case. The *1180 Antoninis' first assignment of error has no merit.

CONCLUSION
For the foregoing reasons, the judgment of the trial court against Defendants, Alfred J. Antonini and Alva Jane Marquez Antonini, is affirmed. Costs of this appeal are assessed to Defendants, Alfred J. Antonini and Alva Jane Marquez Antonini.
AFFIRMED.
NOTES
[1] The correct tax deed, however, was properly described in detail in the affidavit filed with the motion for summary judgment.
[2] The trial judge was concerned that, because of the incarceration, Mr. Antonini and his counsel were having trouble contacting each other.
[3] Since the description was accurate and sufficient to identify the property, it was unnecessary for the Ouachita Parish Sheriff's office to file an act of correction to the Tax Collector's Deed.