869 So.2d 194 (2004)
VIRTOCOM FINANCIAL, INC.
v.
PALO VERDE TRADING COMPANY, INC.
No. 03-CA-621.
Court of Appeal of Louisiana, Fifth Circuit.
February 23, 2004.
*195 David L. Neeb, Metairie, LA, for Appellant.
John A.E. Davidson, Mark M. Bonura, Metairie, LA, for Appellee.
Panel composed of Judges SOL GOTHARD, MARION F. EDWARDS and SUSAN M. CHEHARDY.
MARION F. EDWARDS, Judge.
The plaintiff, Virtocom Financial Inc., appeals a judgment that dismissed as premature its suit to confirm title to immovable property acquired through a tax sale. We affirm.
On January 21, 2003 Virtocom filed a Petition for Monition Judgment, amended on January 24, 2003 by an Amended Petition for Confirmation on Monition and/or for a Quiet Title Judgment. The suit (as amended) named as defendants Shirley M. Bellard, wife of/and Fred Bellard; Laprop, Inc.; and Palo Verde Trading Co., L.L.C. Pursuant to La.R.S. 13:4941, et seq., Virtocom sought to confirm or homologate its tax sale purchase of two lots on N. Elm Street in Metairie.
Virtocom alleged the Bellards acquired the property by act of sale on May 3, 1989, but that they failed to pay taxes owed to Jefferson Parish. As a result, the subject property was sold to Laprop in a 1998 tax sale, and upon Laprop's failure to pay the taxes due, Palo Verde purchased it at yet another tax sale in 1999. Palo Verde *196 likewise defaulted on the tax, and on June 5, 2002, Virtocom acquired the property at the final tax sale.
Virtocom alleged further that the Bellards had not redeemed the property from Laprop and/or Palo Verde within the three-year redemptive period provided by law. As a result, Virtocom sought a judgment to confirm or homologate the sale, to show that the Palo Verde et al have no ground to annul the sale, and to quiet title to the property.
Palo Verde filed an exception of prematurity, asserting that the suit to confirm the tax sale was premature because it was filed prior to the three-year redemptive period provided in the Louisiana Constitution.
After a hearing, the trial court rendered judgment granting the exception. The court found that Palo Verde lost its interest in the property by tax sale on June 5, 2002, but that the protection afforded by the three-year redemptive period guaranteed in La. Const. Art. 7, § 25(B) applied to the subsequent purchaser, Palo Verde. The court held that the three-year redemptive period did not commence until recordation of the June 5, 2002 tax sale, and, thus, that the suit was premature.
Virtocom appeals, contending the trial court erred in concluding that the three-year redemptive period applied to Palo Verde, because Palo Verde had never confirmed its tax title. Virtocom urges that the holding of the district court concerning the redemptive rights of a tax purchaser is contrary to basic principles of statutory interpretation, legislative intent, and the public policy of the State of Louisiana.
La. Const. Art. 7, § 25 provides in pertinent part:
(A) Tax Sales. (1) There shall be no forfeiture of property for nonpayment of taxes. However, at the expiration of the year in which the taxes are due, the collector, without suit, and after giving notice to the delinquent in the manner provided by law, shall advertise for sale the property on which the taxes are due.... A tax deed by a tax collector shall be prima facie evidence that a valid sale was made.
* * *
(B) Redemption. (1) The property sold shall be redeemable for three years after the date of recordation of the tax sale, by paying the price given, including costs, five percent penalty thereon, and interest at the rate of one percent per month until redemption.
* * *
(D) Quieting Tax Title. The manner of notice and form of proceeding to quiet tax titles shall be provided by law.
La.R.S. 47:2228 sets out the procedure to quiet tax titles:
After the lapse of three years from the date of recording the tax deed in the conveyance records of the parish where such property is situated, the purchaser, his heirs or assigns, may institute suit by petition and citation as in ordinary actions against the former proprietor or proprietors of the property, in which petition must appear a description of the property, mention of the time and place of the sale and name of officer who made same, reference to page of record book and date of recording tax deed, notice that petitioner is owner of the said property by virtue of said tax sale, and notice that the title will be confirmed unless a proceeding to annul is instituted within six months from date of service of the petition and citation.... After the lapse of six months from the date of service of petition and citation, if no proceeding to annul the sale has been *197 instituted, judgment shall be rendered quieting and confirming the title.
In all cases where tax titles have been quieted by prescription of five years under the provisions of Section 25 of Article VII of the Constitution of 1974, the purchaser or his heirs or assigns may, if he or they so desire, either obtain a judgment of the court confirming the title by suit in the manner and form as hereinabove set out, ... or the purchaser or his heirs or assigns may, at his or their option, quiet the title by monition proceeding, as provided by law relative to sheriffs' sales and tax sales; provided that the failure to bring suit shall in no manner affect such prescriptive titles.
La.R.S. 47:2183 directs that the deeds of sale issued to purchasers at tax sales shall sell the property to the purchaser, with the right to be placed in actual possession thereof; the deed shall conclude with the statement that the property shall be redeemable at any time for the space of three years beginning on the day when the deed is filed for record in the conveyance office in the parish in which the property is situated. Further, La.R.S. 47:2184 provides in pertinent part, "The tax sale shall convey and the purchaser shall take the entirety of the property intended to be assessed and sold as it was owned by the delinquent taxpayer...."
Virtocom defines the issue for review as whether the protection of the three-year redemptive period under La. Const. Art. 7 § 25(B) applies to a tax sale purchaser who possesses only an incorporeal right connected to the immovable (Laprop and/or Palo Verde), or whether it applies only to the tax debtor-owner of the immovable (the Bellards). Virtocom argues that Palo Verde had an inchoate right to have its tax sale confirmed under La.R.S. 47:2228, and to become the "owner-proprietor" after the three (3) year redemptive period afforded to the owner (Bellard) had elapsed. It is asserted that Palo Verde had a "right in" the property and not the property itself. Virtocom avers that because Palo Verde "chose not to exercise that inchoate right and allowed that right to be sold at a sheriff's sale," the tax sale was "assigned," but the immovable property itself was not sold at the 2002 tax sale to Virtocom. Hence, Virtocom contends, the redemption period must be measured from the date of the tax sale to Laprop rather than the date of the tax sale to Virtocom. Using the calculation propounded by Virtocom, the redemption period expired three years from the date in 1998 when Laprop purchased the property, in 2001.
Palo Verde's position is, in effect, that the redemptive period begins to run anew after each successive tax sale transfer between tax sale purchasers. Virtocom argues such an interpretation would hinder the state from effectively collecting unpaid taxes, keep property out of commerce under a potentially never-ending tax sales cloud on titles, and extend the five-year prescriptive period to annul the tax sale.
We disagree. Despite the repeated transfers of the property through successive tax sales within the unexpired redemption period following the first tax sale in 1998, the transfer of the property to each tax purchaser must be considered as a transfer of ownership. Tax sales are presumed valid, and a tax deed shall be prima facie evidence of validity of the tax sale.[1]
When the law regulating the manner and method of divesting ownership because *198 of non-payment of taxes has been complied with, and all legal conditions precedent to a tax sale have been met by officials charged with such duties,....the purchaser of the property acquires a good and valid title thereto, subject to the right to redeem within three years. He need not call to the aid of his title any statutory or constitutional prescription or peremption in order to give it legal vitality or imbue it with the qualities needful to a complete transition of title.[2]
We find it is the clear intent and purpose of the laws governing tax sales that the tax purchaser becomes the owner of the property, subject to the right of the tax debtor to redeem the property within three years or to file suit to have the tax sale declared null within five years.
Further, we find nothing in the law to support Virtocom's assertion that consecutive purchasers at a tax sale and the original owner share the single initial redemptive period. The redemptive period was carved out and exists in order to afford the former proprietor an opportunity to retain his property by payment of the taxes and costs. When the tax sale purchaser becomes the owner, he is entitled to the same protection afforded a proprietor.
Virtocom cites cases stating that the interest conveyed at a tax sale is only that which is owned by the delinquent taxpayer[3] and that the title acquired by an adjudicatee at a tax sale is an inchoate one during the period for redemption and is defeated by the exercise of the right of redemption.[4]
LSA-R.S. 33:2876 states:
The owner of the property advertised under R.S. 33:2861 through R.S. 33:2876 or any other person interested in having it kept from sale, may, up to the day of sale, redeem the property upon paying the amount fixed by law for the redemption together with all additional costs incurred by the parish or municipality. (Emphasis supplied.)
We find no modern cases discussing successive tax sales with similar facts as the ones before us. However, in an old case, the Supreme Court considered the issue of redemption, and who was entitled to exercise that option.[5] While not precisely on point, the case is instructive. The court had before it Acts 1871, No. 42, § 69:
`That if any person interested in any lot of ground or lands forfeited to the state shall, after the date of the collector's return, pay to the treasurer of the state, or to the tax collector charged with the collection of the tax for which said property was forfeited, the taxes for which the same were returned, and all taxes subsequently accrued on such land, and 25 per cent. damages thereon, and 25 per cent additional for every year or part of year after one year, the auditor, upon proof thereof, shall execute and deliver to such person a certificate of redemption of the same. * * *'
The court found that under that law, the privilege of redemption is extended to any person interested, including the purchaser at the tax sale. The privilege of redemption *199 necessarily includes the time period granted by law. We therefore hold that as applied to the successive tax purchasers here, La. Const. Art. 7, § 25 and LSA-R.S. 33:2876 gives each the right to redeem their title to the property within three years after each respective tax sale. Hence, Virtocom is required to wait until three years after the date it purchased the property at the 2002 tax sale to file suit to confirm the tax title.
For the foregoing reasons, the judgment is affirmed. Costs of this appeal are assessed against the Virtocom-appellant, Virtocom, Inc.
AFFIRMED.
CHEHARDY, J., dissents.
CHEHARDY, J., Dissents.
I disagree with the finding of the majority that the successive tax sales each transferred full ownership to each successive tax purchaser. I agree with Virtocom's contention that the trial court erred in concluding that the three-year redemptive period applied to Palo Verde, because Palo Verde had never confirmed its tax title.
In my view a tax sale purchaser such as Palo Verde/Laprop under the circumstances here possesses only an incorporeal right connected to the immovable, such that the three-year redemptive period under La. Const. Art. 7 § 25(B) applies only to the original tax-debtor/owner of the immovable (in this case, the Bellards). I would find the district court's holding concerning the redemptive rights of a tax purchaser contrary to basic principles of statutory interpretation, legislative intent, and the public policy of the State of Louisiana.
Pursuant to La.R.S. 47:2183, deeds of sale issued to purchasers at tax sales shall sell the property to the purchaser, with the right to be placed in actual possession thereof, and the deed shall conclude with the statement that the property shall be redeemable at any time for the space of three years beginning on the day when the deed is filed for record in the conveyance office in the parish in which the property is situated.[1] La.R.S. 47:2184 provides in pertinent part, "The tax sale shall convey and the purchaser shall take the entirety of the property intended to be assessed and sold as it was owned by the delinquent taxpayer...."
A tax sale does not warrant the title to the property conveyed. Hubbs v. Canova, 427 So.2d 875, 877 (La.App. 1 Cir.1982). No such warranty can be given because tax sales are subject to redemption and to annulment. Id. A title acquired by tax sale is not confirmed until there is a judgment in a monition proceeding, and even such a judgment can be annulled. Id. Redemption of a tax sale property is accomplished by payment of statutorily-prescribed amountsunlike property purchasers who sell their property, the tax sale purchaser cannot make the tax debtor pay the market value of the property, but is forced to give it up to the tax debtor as long as the tax debtor redeems it within the statutory time period and for the statutory amounts.[2]
*200 I agree with Virtocom's argument that Palo Verde had only an "inchoate right" to have its tax sale confirmed under La.R.S. 47:2228 and to become the "owner-proprietor" after the three year redemptive period afforded to the tax-debtor/owner (Bellard) elapsed. Palo Verde had a right in or a choice of action connected to the property, but not the property itself.
Virtocom asserts that because Palo Verde "chose not to exercise that inchoate right and allowed that right to be sold at a sheriff's sale," so that the tax sale was "assigned," but the immovable property itself was not sold at the 2002 tax sale to Virtocom. Hence, Virtocom contends, the redemption period must be measured from the date of the tax sale to Laprop rather than the date of the tax sale to Virtocom. Using the calculation propounded by Virtocom, the redemption period expired three years from the date in 1998 when Laprop purchased the property (e.g., some time in 2001).[3]
In opposition, defendant Palo Verde asserts that Virtocom is not entitled to confirm its tax sale because its title is inchoate or incomplete until the three year redemption period has elapsed. Palo Verde asserts the redemption period will not expire until July 16, 2005, three years from the recordation of Virtocom's tax sale. In effect, Palo Verde's position is that the redemptive period begins to run anew after each successive tax sale transfer between tax sale purchasers.
I agree with Virtocom that such an interpretation would hinder the state from effectively collecting unpaid taxes, keep property out of commerce under a potentially never-ending tax sales cloud on titles, and extend the five-year prescriptive period to annul the tax sale. I conclude that the repeated transfers of the property through successive tax sales within the unexpired redemption period following the first tax sale in 1998 did not operate as transfers of full ownership to each tax purchaser.
The interest conveyed at a tax sale is only that which is owned by the delinquent taxpayer. Whitfield v. Jones, 270 So.2d 153, 154 (La.App. 1 Cir.1972), writ denied 272 So.2d 376 (La.1973). The title acquired by an adjudicatee at a tax sale is an inchoate one during the period for redemption and is defeated by the exercise of the right of redemption. Kelso v. Caffery, 221 La. 1, 58 So.2d 402, 406 (1952).
The three-year redemptive period afford to the Bellards as owner/tax-debtors following the 1998 tax sale to Laprop expired in 2001. Under Palo Verde's interpretation of the law, Palo Verde would have until 2005 to redeem the property from Virtocom (three years from the 2002 tax sale to Virtocom). That would mean the title to the property was uncertain for a total of seven years from the initial tax sale following the Bellards' default in payment of their taxes.
I conclude that the right to redeem title to the property within three years after a tax sale does not accrue to a subsequent purchaser of a tax sale title that is still subject to the three-year redemption period accruing to a prior tax debtor. Hence, Virtocom should not be required to wait until three years after the date it purchased the property at the 2002 tax sale to *201 file suit to confirm its tax title, because more than three years have passed since the original property owner/tax debtor lost the property through the 1998 tax sale.
The long-standing public policy in this state is to make certain and protect the title to immovable property. Harris v. Estate of Fuller, 532 So.2d 1367, 1370 (La. 1988). Such certainty and protection of property titles contributes to the goal of maintaining the flow of property in commerce. If the redemptive period begins to run anew after each successive tax sale transfer between tax sale purchasers, the state is hindered from effectively collecting unpaid taxes and the property is kept out of commerce under a potentially never-ending tax sales cloud on titles. The historical public interest in identity and marketability of land titles is deserving of protection and underlies the purpose of a peremptive period following tax sales. Harris, 532 So.2d at 1370.
For the foregoing reasons, I would reverse the judgment and remand the matter for further proceedings.
NOTES
[1] La. Const. Art. 7, § 25(A); Constance v. Sudwischer, 502 So.2d 609 (La.App. 3d Cir.1987), writ denied, 503 So.2d 1019 (La.1987); Koeppen v. Raz, 29,880 (La.App. 2 Cir. 10/29/97), 702 So.2d 337.
[2] Reed v. Stinson 188 So. 509, (La.App. 2 Cir.1939).
[3] Whitfield v. Jones, 270 So.2d 153, 154 (La. App. 1 Cir.1972), writ denied 272 So.2d 376 (La.1973).
[4] Kelso v. Caffery, 221 La. 1, 58 So.2d 402, 406 (1952).
[5] McDougall v. Montlezun, 3 So. 273, 39 La. Ann. 1005, (1887).
[1] That three-year period is peremptive rather than prescriptive and, thus, cannot be interrupted or suspended by the tax debtor's continued possession of the property. Harris v. Estate of Fuller, 532 So.2d 1367, 1369 (La. 1988). In contrast, the five-year period within which the tax debtor can file suit to annul the tax sale is prescriptive and can be suspended by the tax debtor's continued possession of the property. Securities Mortgage Company, Inc. v. Triplett, 374 So.2d 1226, 1230 (La.1979).
[2] These are "the price given," including costs, five percent penalty thereon, and interest (La. Const. Art. 7, § 25(B)(1), La.R.S. 47:2193), as well as "all taxes assessed ... subsequent to the tax sale" and the value of any improvements made by the tax sale purchaser (La. R.S. 47:2222(A) and (D)), plus the cost of any repairs, maintenance, etc., required by a political subdivision (La.R.S. 47:2222.1).
[3] Virtocom's pleadings do not designate the exact dates of either the 1998 tax sale to Laprop or the 1999 tax sale to Palo Verde.