# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 17, 2013

No. 12-31283

Lyle W. Cayce
Clerk

PATRICK L. WILSON,

Plaintiff - Appellant

v.

ESPARROS PROPERTIES AIRLINE, L.L.C.;
WHITNEY JOSEPH, JR., Assessor for the Parish of St. John the Baptist;
PETE PETERS, Member of the Louisiana Tax Commission doing business in the Parish of East Baton Rouge;
BELINDA B. HAZEL, Member of the Louisiana Tax Commission doing business in the Parish of East Baton Rouge;
KENNETH P. NAQUIN, JR., Member of the Louisiana Tax Commission doing business in the Parish of East Baton Rouge;
JOEY VERCHER, Member of the Louisiana Tax Commission doing business in the Parish of East Baton Rouge;
PAUL HARGROVE, Member of the Louisiana Tax Commission doing business in the Parish of East Baton Rouge,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CV-3338

Before JONES, SMITH, and GARZA, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Appellant Patrick Wilson brought suit under 42 U.S.C. § 1983, claiming a deprivation of property without due process of law. Because process remained available to Wilson under Louisiana law, we AFFIRM.

Wilson bought an immovable property improvement, a metal dance floor, at a tax sale in St. John the Baptist Parish in June of 2007. After purchasing the improvement, Wilson failed to pay taxes he owed on it for 2007, and the property was adjudicated back to St. John the Baptist in 2008. When the redemption window expired for the previous owner in 2010, Wilson brought a suit to quiet title on the property in June of that year.[1] He notified Esparros Properties—owners of the property on which the improvement was located—but Esparros claimed the sale to Wilson was in error and that Esparros was the rightful owner. Appellant then sought a hearing from both the Parish Tax Assessor and the Sheriff on the issue. In the meantime, Esparros had informed the Assessor of the alleged mistake. Without offering Wilson a hearing, the Assessor asked the Louisiana Tax Commission to correct tax assessments from 2006–09 retroactively, and the tax sale was retroactively cancelled.

Wilson stopped pursuing the quiet title action and filed this § 1983 action against Esparros, the Assessor, and members of the Louisiana Tax Commission. The district court granted Appellees' motion for summary judgment, holding that Wilson did not show a deprivation of a property interest. Citing *Jamie Land Co. v. Touchstone*, 965 So.2d 873 (La. App. 1 Cir. 2007), the court held that due process is not violated when a party fails to pursue a quiet title action to challenge the cancellation of his tax sale title. *See id.* at 877. Appellant's motion to reconsider (treated as a Rule 59 motion) was also denied. The second time around, the court decided that because title here had vested in the Parish following Wilson's nonpayment of taxes, and Wilson failed to redeem the

---

[1] Louisiana provides owners with a three-year window to redeem property sold at a tax sale by repaying the buyer the amount for which it sold, costs, and interest. LA. CONST. art. VII, § 25(B)(1).

property, Wilson had no protectable property interest at the time the sale was cancelled. Wilson timely appealed.

Motions for summary judgment are reviewed by this court *de novo*, and we apply the same standard as the district court. *EEOC v. WC&M Enters.*, 496 F.3d 393, 297–98 (5th Cir. 2007). The moving party is entitled to summary judgment if there are no material facts in dispute and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56.

Under Louisiana law, Wilson had a property right following his tax sale purchase that, however, had to be confirmed by a quiet title action following the expiration of the prior owner's redemption period. The district court concluded that Wilson lost any constitutionally protectable interest when, after he failed to pay the taxes he owed on the property, the title was adjudicated back to the Parish before he filed the quiet title suit. *See* LA. REV. STAT. ANN. § 47:2122 (2009). This is incorrect. Wilson maintained a right to redeem for three years;[2] he never took possession of the property. To that extent, however tenuous his interest, he retained a right in the property.

The case turns, then, on whether the processes afforded by Louisiana law were sufficient to protect his right in the face of the Assessor's action to retroactively cancel the original tax sale and deprive Wilson of his remaining interest. Wilson contends that the Assessor's action resulted in an unconstitutional deprivation, and state post-deprivation procedures cannot cure the constitutional default or substitute for his federal § 1983 remedy. We disagree.

There are two ways to view the process surrounding the Assessor's action and Wilson's response. One way is to conclude, as the district court did in its first summary judgment opinion, that state procedures are adequate to clear title to property bought and sold at tax sales. In its totality, Louisiana law

---

[2] *Virtocom Fin., Inc. v. Palo Verde Trading Co.*, 869 So. 2d 194, 197-98 (La. App. 2004).

accommodates the interests of both private parties in tax sale proceedings—the original owner and the purchaser—by affording to the former a requirement of notice prior to tax sale, coupled with a 3-year right of redemption, and to both parties a quiet title suit to settle the tax sale purchaser's title. *See id.* § 47:2266(A). Both parties are entitled to due process protections. The quiet title suit, far from being an insufficient post-"deprivation" remedy, is essential to clear title in the tax purchaser's name. Under the circumstances, Wilson did not avail himself of state processes and cannot therefore claim to have been deprived.[3]

A second way to view the case is to consider the Assessor's actions as "random and unauthorized," inasmuch as the Assessor did not heed Wilson's request for a hearing before the Tax Commission was prevailed on to cancel his tax purchase retroactively. We may assume *arguendo* that this action alone "deprived" Wilson of his property. It is well settled, however, that post-deprivation procedures are adequate to remedy this type of error, if error it was. *Hudson v. Palmer*, 468 U.S. 517, 521 n.2, 532, 104 S. Ct. 3194, 3197 n.2, 3203 (1984). Here, not only was a quiet title suit available, *Jamie Land Co.*, 965 So.2d at 877 ("[Land] exercise[d] its right to due process by bringing this action to quiet title the property."), but equally significant, the Tax Commission has indicated its interest in revisiting the sale cancellation.

Ultimately, because rights to real property must finally be adjudicated between private parties' competing interests, the state courts had to furnish the key to due process with a quiet title action. Because Wilson did not utilize state procedures or pursue his complaint with the Tax Commission, he did not suffer a constitutional deprivation. The district court's judgment is **AFFIRMED**.

---

[3] "A § 1983 action may be brought for a violation of procedural due process, but here the existence of state remedies *is* relevant in a special sense. . . . The constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process." *Zinermon v. Burch*, 494 U.S. 113, 125–26, 110 S. Ct. 975, 983 (1990).